**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DANIA GISSELL CRUZ MEJIA, MARIA ELISA BUESO MEJIA, MARTHA L. MARTINEZ BALLEZA, ESTHER SANCHEZ TORRES, CLAUDIA WILSON, DORA PIMEDA, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BROTHERS PETROLEUM, LLC D/B/A BROTHERS FOOD MART, BROTHERS FOOD MART AND IMAD FAIEZ HAMDEN<br><br>Defendants. | CIVIL ACTION NO.: **12-2842**<br><br>SECTION: **C(3)**<br><br>**PLAINTIFFS' MOTION TO PROCEED AS A COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 U.S.C. § 216 (b)**<br><br>District Judge Helen G. Berrigan<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO PROCEED AS A COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 U.S.C. § 216 (b)**

Plaintiffs,[1] on behalf of themselves and all other similarly situated individuals, respectfully submit this Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b). Plaintiffs specifically request that the Court enter an order conditionally certifying the following class of similarly situated individuals:

> All current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present.

As set forth in the Memorandum submitted herewith, the allegations contained in Plaintiffs' pleadings and the declarations of individual Plaintiffs establish that Plaintiffs are

---

[1] The term "Plaintiffs" as used herein refers to all named Plaintiffs and all other individuals who have opted in to this collective action.

sufficiently "similarly situated" to warrant conditional certification of the Collective. In particular, this evidence shows that Defendants maintained a set of policies and practices common to all Plaintiffs and potential members of the Collective which violate the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Defendants' common policies and practices include, *inter alia*:

- Refusing to pay Plaintiffs and other similarly situated workers all of the wages and/or overtime compensation owed to them for all of the hours they worked. 29 U.S.C. § 207.

- Deducting from Plaintiffs' and other similarly situated workers' wages the alleged cost of uniform shirts and nametags. 29 C.F.R. §§ 531.32(c), 531.3(d), 531.35.

- Failing to pay Plaintiffs the federally mandated minimum wage rate as a result of Defendants' unlawful deduction policies. 29 U.S.C. § 206.

- Failing to maintain proper time records, thereby violating the record-keeping requirements of the FLSA.

Because Defendants' unlawful policies and practices apply to all Plaintiffs and potential members of the Collective, and because these policies and practices similarly affect each Plaintiff and potential member of the Collective, Plaintiffs respectfully contend that conditional certification of the proposed Collective is appropriate pursuant to 29 U.S.C. § 216(b). Conditional certification of the proposed Collective is particularly appropriate given the well-established lenient standard for granting conditional certification within the Fifth Circuit. *See, e.g., Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds*, 539 U.S. 90, 123 (2003); *Lang v. DirecTV, Inc., et al.*, No. 10-1085G1, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011).

In addition, Plaintiffs request that the Court authorize notice of this collective action to potential members of the Collective and approve the proposed notice and consent form submitted herewith. Early distribution of the notice is essential in FLSA collective actions because the statute of limitations on FLSA claims continues to run until potential plaintiffs affirmatively opt in to the action. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-917 (5th Cir. 2008); *Lima v. International Century Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 798 (E.D. La. 2007). Delaying notification will cause serious prejudice to potential members of the Collective, because each day that passes is a day of damages each potential opt in plaintiff will be unable to recover. This consideration also weighs heavily in favor of early notification.

In summary, Plaintiffs respectfully request that the Court conditionally certify the Collective under the Section 216(b) of the FLSA and authorize notice to allow potential members of the Collective to opt in to preserve their rights.

DATE: February 11, 2014             Respectfully submitted,

                                     /s/ Peter B. Schneider
                                    Peter B. Schneider (*pro hac vice*)
                                    Carolyn H. Cottrell (*pro hac vice* pending)
                                    SCHNEIDER WALLACE
                                    COTTRELL KONECKY LLP
                                    180 Montgomery Street, Suite 2000
                                    San Francisco, California 94104
                                    Telephone: (415) 421-7100
                                    Facsimile: (415) 421-7105
                                    pschneider@schneiderwallace.com
                                    ccottrell@schneiderwallace.com

                                    Jody Forester Jackson, (La. Bar No. 28938)
                                    Mary Bubbett Jackson, (La. Bar No. 29110)
                                    **JACKSON+JACKSON**
                                    201 St. Charles Avenue, Suite 2500
                                    New Orleans, Louisiana 70170
                                    Telephone: (504) 599-5953

Facsimile: (888) 988-6499
jjackson@jackson-law.net
mjackson@jackson-law.net

Joseph C. Peiffer, Esq.
David M. Abdullah, Esq.
Daniel J. Carr, Esq.
PEIFFER ROSCA ABDULLAH & CARR, LLC
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana 70170
Telephone: (504) 523-2434
Facsimile: (504) 523-2464
jpeiffer@praclawfirm.com
dabdullah@praclawfirm.com
dcarr@praclawfirm.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2014, I electronically filed the foregoing pleading with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

  /s/ Peter B. Schneider
Peter B. Schneider (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California  94104
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105
pschneider@schneiderwallace.com

*Attorney for Plaintiffs*