UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DIANA GISSELL CRUZ MEJIA, ET AL**      **CIVIL ACTION**

**VERSUS**      **NO. 12-02842**

**BROTHERS PETROLEUM, LLC, ET AL**      **SECTION: "C" (3)**

**ORDER AND REASONS[1]**

Before this Court is the motion to proceed as collective action and facilitate notice under 29 U.S.C. § 216(b) filed by plaintiffs Dania Gissell Cruz Mejia, et al. Rec. Doc. 56. The defendants oppose. Rec. Doc. 67. Having considered the record, the memoranda of counsel, and the law, the Court determines that the plaintiffs' motion to proceed as a collective action and facilitate notice is GRANTED.

**I. BACKGROUND**

This case arises out of plaintiffs' claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, in connection with their employment at Brothers Food Mart in various locations around Louisiana. Rec. Doc. 56 at 2, Rec. Doc. 67 at 1. According to the Complaint and the First Amended Complaint, all of the plaintiffs have been employed at a Brothers Food Mart on a non-exempt, hourly basis at some point since November 28, 2009. Rec. Doc. 37 at ¶ 2, Rec. Doc. 56-3 at 2-3. Brothers Food Mart is a convenience store that sells some prepared food. Rec. Doc. 37 at ¶ 12, Rec. Doc. 67 at 1.

In the First Amended Collective Action Complaint and in this Motion, plaintiffs contend that they were employed at Brothers Food Mart as cooks, cashiers, and/or store operators. Rec. Doc. 37 at ¶ 14-19; *see* Rec. Doc. 56-4. They allege that, until July 2012, they were required to

---

[1] Cindy Allen, a second-year student at Emory University School of Law, assisted in the preparation of this Order and Reasons.

1

work approximately 60-80 hours per week and at least 12-hour shifts. Rec. Doc. 37 at ¶ 21. Rec. Doc. 37 at ¶ 21, Rec. Doc. 56-3 at 5. Plaintiffs further contend that they were not properly compensated for all of their straight-time or overtime hours. Rec. Doc. 37 at ¶ 13, 23; Rec. Doc. 56-3 at 6. In July 2012, plaintiffs' hours were reduced to 50 hours per week; however, plaintiffs claim that they were still not paid overtime wages. Rec. Doc. 37 at ¶ 22-3, Rec. Doc. 56-3 at 5. Instead, plaintiffs allege that they were paid in cash in amounts that did not account for all of their straight-time hours or include any overtime compensation. Rec. Doc. 56-3 at 7. Furthermore, plaintiffs allege that defendants did not maintain proper time records, according to the requirements of the FLSA. Rec. Doc. 37 at ¶ 24, Rec. Doc. 56-3 at 6.

Plaintiffs also assert in the First Amended Collective Action Complaint and in this Motion that they were not compensated for time spent "off-the-clock" delivering supplies and products between stores and traveling to Defendants' main office in their personal vehicles, nor reimbursed for mileage and other expenses incurred performing such tasks. Rec. Doc. 37 at ¶ 25, Rec. Doc. 56-3 at 5-6. In addition, plaintiffs were required to wear uniform shirts and name tags and allege that defendants deducted the cost of those items from plaintiffs' paychecks. Rec. Doc. 37 at ¶ 26, Rec. Doc. 56-3 at 6. Those deductions, according to plaintiffs, sometimes resulted in their wages slipping below minimum wage and/or cut into their overtime wages in violation of the FLSA. *Id.*

According to the Opposition, Imad F. Hamdan owns defendant Brothers Petroleum, LLC, and, of the approximately 48 Brothers Food Mart convenience stores in Louisiana, Brothers Petroleum or a separate limited liability company also owned by Hamdan operates 39 of them. Rec. Doc. 67 at 1-2. Different managers operate the 39 stores, and each manager makes the hiring decisions as well as takes care of the day-to-day responsibilities at each store. *Id.* at 2. The

managers prepare the other employees' schedules and determine the hours they will work. *Id.* Brothers Petroleum contends that it informs the managers of its policies and practices regarding the reporting of time worked and the payment of wages, and it expects the managers to comply with them. *Id.* Defendant claims that it is the individual manager's responsibility to administer and enforce said policies and practices. *Id.*

In Defendants' Answer to the First Amended Collective Action Complaint, defendants deny that uniform shirt and nametag costs were deducted from plaintiffs' paychecks. Rec. Doc. 40 at ¶ 26. Defendants also deny that they failed to adequately compensate plaintiffs or keep proper time records and assert that plaintiffs were compensated for making deliveries and performing all job related duties. Rec. Doc. 40 at ¶ 25, Rec. Doc. 67 at 12. Finally, defendants deny that there is a position entitled "store operator" at any Brothers Food Mart convenience store. Rec. Doc. 40 at ¶ 14-19, Rec. Doc. 67 at 3.

## II. LAW AND ANALYSIS

Plaintiffs seek to maintain this action "on behalf of [themselves]…and other employees similarly situated" pursuant to 29 U.S.C. § 216(b). Accordingly, plaintiffs seek conditional certification of the following defined class: "All current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present." Rec. Doc. 56-3 at 2-3. Plaintiffs and defendants agree that this Court should adopt the *Lusardi* approach to determine if plaintiffs should be conditionally certified as a class. *See* Rec. Doc. 56-3 at 9, Rec. Doc. 67 at 4. Moreover, though the Fifth Circuit has not specifically adopted an approach to the "similarly situated" inquiry, the *Lusardi* approach has been repeatedly used. *See, e.g., Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013

WL 5960674 (E.D. La. Nov. 6, 2013); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004). The *Lusardi* approach proceeds via two-step inquiry. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). At the first step,

> the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* at 1213-14. The plaintiffs' motion concerns this "notice stage" determination.

At the notice stage, the standard is "not particularly stringent," and the plaintiffs bear the burden of showing that other plaintiffs are similarly situated. *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (quoting *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir.2001)). "The plaintiff may satisfy" this "burden through submission of evidence in the form of pleadings, affidavits and other supporting documentation" that indicates "at least a few similarly situated individuals exist." *Id.* Plaintiffs do not have to "be identically situated" to be similarly situated, "and even plaintiffs who operate in different geographical locations and under different managers and supervisors may be deemed similarly situated in some circumstances, such as when they share similar job titles and responsibilities." *Id.* Plaintiffs need only produce "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan…." *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling v. Hoffman–La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988)).

Here, plaintiffs have satisfied the modest burden. Plaintiffs claim that they are similarly situated for purposes of judicial notice and conditional certification because:

4

> (1) they all have similar job positions and requirements; (2) they are all subject to similar terms and conditions of employment; (3) they are all subject to a set of common policies and/or practices that require or permit them to perform work in excess of forty hours in a week that is not compensated in violation of the FLSA; and (4) they all are subject to a set of common policies and practices that result in the deduction of the cost and maintenance of required uniform shirts and nametags from their wages in violation of the FLSA.

Rec. Doc. 56-3 at 3. Plaintiffs have bolstered these claims by submitting eight declarations. Rec. Doc. 56-4 at 1-32. These declarations all indicate that Brothers Food Mart employees routinely worked more than 40 hours per week, but their compensation did not adequately reflect this; many of them had to transport items and other employees without being paid for doing so; and all of them had to pay for their own uniform items, and sometimes this cost was deducted from their pay. *See generally*, Rec. Doc. 56-4 at 1-32. All of the declarations further indicate that the plaintiffs believe these policies and practices were common and "applied generally to all Brothers Food Mart workers." *See, e.g.,* Rec. Doc. 56-4 at 28.

Defendants argue that plaintiffs have not satisfied the burden for conditional certification because they allege that plaintiffs were not subject to a "policy or practice generally applicable to all potential collective action members." Rec. Doc. 67 at 3. Though different managers may run each Brothers Food Mart, the stores at issue are commonly operated by Brothers Petroleum or a separate limited liability company also owned by Hamdan, and Brothers Petroleum admits it maintains a policy of which it informs all managers. *Id.* at 1-2, 9. Moreover, if the difference in managers undercuts the uniformity of the policy and therefore undermines the similarity between class members, the issue can be addressed later in these proceedings.

Defendants further argue that plaintiffs' proposed notice should be revised. With regard to the definition of the class in the "TO:" section on page one and in the first full paragraph of page two, it should be altered to conform with the definition as stated above and in plaintiffs'

memorandum in support of plaintiffs' motion to proceed as a collective action and facilitate notice under 29 U.S.C. § 216(b). Rec. Doc. 56-3 at 2-3 ("All current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present."). Defendants contend that the notice should include a statement that they deny all allegations in this lawsuit; however, this has already been included in the proposed notice. Rec. Doc. 56-4 at 44. "The defendants' request for any notice in this case to advise putative class members that they 'may be required to respond to written questions, sit for depositions and/or testify in court' is appropriate. This language shall be added to the proposed notice." *Skelton v. Sukothai, LLC*, 13-4771, 2014 WL 295137, *2 (E.D. La. Jan. 27, 2014). Defendants do not cite any case law to support their assertion that the "Please Note" language at the end of the proposed notice is solicitous. Rec. Doc. 67 at 20. The "Please Note" language may remain. Defendants also request that the name of this Court be removed because "it may be misconstrued as judicial support for the plaintiffs' litigation." *Id.* at 19 (quoting *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 499 (D. Neb. 2009)). Plaintiffs have provided exhibits that provide precedent for including the court name. Rec. Doc. 70-1. As such, the court name may remain.

Defendants contend that notice is temporally overbroad and notification should be limited to those who worked for Brothers Food Mart during the three-year period prior to the Court's ruling on plaintiffs' motion for conditional certification. Rec. Doc. 67 at 19. "Courts have not been consistent in whether the time period runs relative to the date of the complaint or relative to the date of the court's order conditionally certifying the matter as a collective action." *White v. Integrated Elec. Technologies, Inc*., 11-2186, 2013 WL 2903070, at *10 (E.D. La. June 13,

2013). However, a court in this District has affirmed a time period running relative to the date of the complaint. *Id.* Accordingly, the time period of the proposed notice will run from November 28, 2009.

Plaintiffs cite to non-binding law to support their request that class members disclose their social security numbers as part of the notice process. Rec. Doc. 70 at 9. Moreover, plaintiffs do not provide a reason why such law should persuade this Court or why it should overcome "the privacy and security concerns inherent in disclosing any portion of a Social Security number." *White*, 11-2186, 2013 WL 2903070, at *10 (E.D. La. June 13, 2013). Names, mailing addresses, email addresses, and telephone numbers should suffice to locate potential class members. *Id.* Accordingly, the plaintiffs' request for social security numbers is denied.

Defendants request 30 days to produce a computer-readable data file containing all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses. Rec. Doc. 67 at 21. This Court finds that the 30-day period requested by defendants is appropriate. *See, Prejean,* 2013 WL 5960674, at *10 (E.D. La. Nov. 6, 2013).

Finally, plaintiffs should remove the error notice on the bottom of page one of the proposed notice and correct the typo as to the date on page two.[2]

Accordingly, IT IS ORDERED that the plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice is GRANTED.

IT IS FURTHER ORDERED that the parties submit a completed proposed Notice of Collective Action Lawsuit and Opt-In Consent Form, approved as to form in accordance with this Order and Reasons, to the Court within ten days from the date of this order.

---

[2] "November 28, 2012" should read November 28, 2009.

7

IT IS FURTHER ORDERED that defendants shall have 30 days to provide plaintiffs with a computer-readable data file containing all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses.

New Orleans, Louisiana this 15th day of July, 2014.

                                         **HELEN G BERRIGAN**
                                         **UNITED STATES DISTRICT JUDGE**