UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIA GISSELL CRUZ MEJIA, et al.          CIVIL ACTION

VERSUS                                     No. 12-2842

BROTHERS PETROLEUM, LLC, et al.            Section: C (3)

**ORDER and REASONS**[1]

Before the Court is the Motion for Equitable Tolling filed by plaintiffs Dania Gissell Cruz Mejia, et al (collectively, "Plaintiffs"). Rec. Doc. 73. Defendants oppose this motion. Rec. Doc. 75. Having considered the memoranda of counsel, the record, and the applicable law, the Court has determined that the Motion for Equitable Tolling is DENIED.

**I. Facts and Procedural History:**

On November 28, 2012, plaintiffs, current and former employees of Brothers Petroleum, LLC, d/b/a Brothers Food Mart, Brothers Food Mart, and Imad F. Hamdan (collectively, "Defendants") filed a complaint against their employer for violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206, 207. Rec. Doc. 1. The plaintiffs alleged that the defendants failed to pay overtime and minimum wages, as required by law, failed to maintain proper time records, and willfully and recklessly disregarded provisions of the FLSA. *Id*. at 6. On November 22, 2013, plaintiffs filed an Amended Class Action Complaint, and on February 11, 2014, plaintiffs filed a Motion to Proceed as a Collective Action and Facilitate Notice under 29 U.S.C. §216(b). Rec. Doc. 37; Rec. Doc. 56.

On July 16, 2014, this Court granted the plaintiffs' Motion to Proceed as a Collective Action and certified the class under §216(b). Rec. Doc. 79. Plaintiffs entered the current motion

---

[1] Ardis Strong, a second-year student at Brooklyn Law School, assisted with the preparation of this order.

1

on July 1, 2014 out of concern that the statute of limitations would toll for some of the opt-in plaintiffs before the class was certified and notice provided. Rec. Doc. 73.  Plaintiffs ask the court to apply equitable tolling for all opt-in plaintiffs from February 11, 2014, when they submitted their motion for class certification. *Id*. at. 8.

**II. Law and Analysis:**

Equitable tolling preserves the plaintiff's claims when enforcement of the statute of limitations would be unjust. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).  Federal statutes of limitations are generally presumed to be subject to equitable tolling unless Congressional policy-making dictates otherwise. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *see also Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 08:5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009).  However, the Fifth Circuit takes a strict view of the FLSA's provision that statute of limitations run from the opt-in date, and courts cannot change the terms of the statute unless warranted by extraordinary circumstances. *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("Equitable tolling is to be applied sparingly.").  Courts apply equitable tolling most frequently where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).  Courts may also grant equitable tolling when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992).  The party who invokes equitable tolling bears the burden of proof. *Teemac*, 298 F.3d at 457.

In *Baldwin County Welcome Center v. Brown*, the Supreme Court outlined some of the reasons for which equitable tolling could apply, including inadequate notice of claimants,

pending appointment of counsel beyond the plaintiff's control, misleading or incorrect information given by the court, and affirmative misconduct on the part of a defendant. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Plaintiffs in the current case allege none these claims. Rather, they argue that their due diligence in the filing of their Amended Complaint and Class Action Motion should provide for equitable tolling since the court's delay in certifying the class action was beyond their control. Rec. Doc. 73-1 at 1.

    Plaintiffs argue that courts regularly grant equitable tolling in FLSA cases, Rec. Doc. 73-1 at 6-7, and cite multiple cases to support their argument. *Id*. However, most of their cited cases are outside of the Fifth Circuit. *Id*. In the Fifth Circuit, equitable tolling for FLSA limitations is rare and applies only in extraordinary circumstances. *Teemac*, 298 F.3d at 457. A delay of five months between the Class Action Motion and certification by the court is not an extraordinary circumstance. *See Rodriguez v. Gold & Silver Buyers, Inc.,* No. 12-1831, 2013 WL 5372529, at (S.D. Tex. Sept. 24, 2013) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Switzer v. Wachovia Corp.*, No. 11-1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months and original judge recused himself while certification was pending); *Clay v. Huntington Ingalls, Inc.*, No. 09-7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for over a year); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808-09 (S.D. Tex. 2010) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months). Therefore, plaintiffs have failed to show that, despite their due diligence, extraordinary circumstances warrant equitable tolling in this case.

Plaintiffs have also failed to provide evidence that potential opt-in plaintiffs were unaware of their rights, barred from asserting their rights, or have been diligently pursuing their rights but have been prevented from joining the action due to reasons beyond their control. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d at 770; *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 655 (W.D. Tex. 2010) (rejecting equitable tolling for FLSA claim on the grounds that opt-in plaintiffs were not "excusably unaware" of their claims if they had worked more than forty hours per week and knew they were entitled to overtime compensation). Additionally, putative class members in this case have been allowed to opt-in during this time, and two new plaintiffs have joined the case in the past five months. *See* Rec. Doc. 66; Rec. Doc. 71. These plaintiffs, along with the named plaintiffs, have been able to discover their claims and diligently file within the allotted statute of limitations. *See Sandoz v. Cingular Wireless, LLC*, No. 07-1308, 2014 WL 3045532, at *7 (W.D. La. July 3, 2014) (rejecting equitable tolling for FLSA opt-in plaintiffs who shared the same job, workplace, and access to pay policies as the named plaintiff). The plaintiffs have offered no evidence to explain why similarly situated opt-in plaintiffs were unaware of their rights and deserve equitable tolling of their claims. Therefore, the Motion for Equitable Tolling should be denied.

### III. Conclusion

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Equitable Tolling is DENIED.

New Orleans, Louisiana, this 4th day of August 2014.

						 	    _____
								          **HELEN G. BERRIGAN**
							       **UNITED STATES DISTRICT JUDGE**