UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIA GISELLE CRUS MEJIA, ET AL      CIVIL ACTION

VERSUS      NO. 12-2842

BROTHERS PETROLEUM, L.L.C., ET AL      SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for stay of civil proceedings filed by

Brothers Petroleum, L.L.C. ("Brothers") and Imad F. Hamdan ("Hamdan"). Having

considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiffs in this collective action alleges violations of the Fair Labor Standards

Act of 1938 ("FSLA"), 29 U.S.C. § 201, *et seq.*, in connection with their employment at

Brothers Food Marts in various locations around Louisiana. On July 16, 2014, the Court

granted the plaintiffs' motion to proceed as a collective action and facilitate notice, and

ordered that the defendants provide the plaintiffs "a computer-readable data file

containing all potential opt-in plaintiffs' names, last known mailing addresses, and email

addresses." Rec. Doc. 79 at 7-8. On August 15, 2014, defense counsel sent plaintiffs'

counsel a letter in which she advised that "defendant Imad Hamdan is invoking his

fundamental constitutional right against self-incrimination under the Fifth Amendment

to the United States Constitution with respect to the identity of any additional potential

1

opt-in plaintiffs."  Rec. Doc. 95-1.

In this motion, both defendants seek that "this case be stayed in its entirety" based on email correspondence from an Assistant United States Attorney indicating an effort to interview certain persons employed by Brothers Food Mart convenience stores, along with unsupported statements contained in the motion that administrative subpoenas have been served on the defendants concerning the legal status of employees and former employees at the stores.  Rec. Doc. 88 at 1, 5, Exh. 1.  No other proof of an investigation or the nature of an investigation is provided in the motion. The plaintiffs argue that because no charges have been filed and no indictment has issued, no criminal proceedings are pending and a stay is inappropriate.

The district court has discretion to stay a civil case when the interests of justice so require.  *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970).  A civil action may be stayed pending the resolution of criminal proceedings under "special circumstances."  *S.E.C. v. First Financial Group*, 659 F.2d 660, 668 (5th Cir. 1981).  The parties agree that the propriety of a such a stay is governed by balancing six factors:

(1)     the extent to which the issues in the criminal case overlap with those in the civil case;

(2)     the status of the criminal case, including whether the defendants have been indicted;

(3)     the private interest of the plaintiffs in proceeding expeditiously with the civil litigation;

(4)     the private interest of, and burden on, the defendant;

(5)     the interest of the courts; and

(6)     the public interest.

*LeBouef v. Global X-Ray,* 2008 WL 239752 (E.D.La.); *Southeast Recovery Group, L.L.C. v. BP*

*American, Inc.,* 278 F.R.D. 162, 166-67 (E.D.La. 2012).

Because here, the <u>only</u> invocation of any Fifth Amendment privilege involves the

disclosure of the names of additional potential opt-in plaintiffs by Hamdan alone, the

Court will restrict its ruling to that singular issue.  The Court is mindful that some

jurisprudence suggests that corporations do not have a Fifth Amendment defense against

self-incrimination, which is not discussed by either party relative to this motion.  *Braswell*

*v. United States,* 487 U.,S. 99 (1988).  In addition, a blanket refusal to answer questions

based on the Fifth Amendment is insufficient to relieve a party of the duty to respond to

questions.  *S.E.C. v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 668-69 (5th Cir. 1981).

Again, no proof as to the nature of any criminal investigation is provided but,

accepting the defendants' characterization as accurate, the alleged criminal issues relate to

undocumented workers and therefore overlap with the FLSA issues only to the extent

that covered undocumented workers were denied FLSA protections for purposes of the

first factor.  The parties agree that undocumented workers are not precluded from

recovery under the FLSA and, therefore, are potential plaintiffs in this civil action.  Again

accepting the defendants' characterization of the potential criminal investigation, no

potential criminal exposure is argued with regard to the defendants' documented

workers and no impediment to identifying and proceeding with discovery as to those

documented workers is articulated by the defendants. The defendants also argue that they anticipate overlapping witnesses in any future criminal proceeding and that participation in civil discovery will expose criminal defense strategy. The Court finds that the first factor does not weigh in favor of a total stay in light of the record.

For purposes of the second factor, the proof presented only indicates that the status of any criminal case is at the interview stage. Regardless of whether that circumstance "does not militate against the granting of a stay," the Court finds that it does weigh against such a severe stay given the lack of proof provided by the defendants. *S.E.C. v. Offill*, 2008 WL 958082 at *2-3(N.D. Tex.). This factor does not lend support to a total stay.

The defendants argue that the plaintiffs will not be prejudiced by the stay because they will still be entitled to pursue their FLSA remedies and may actually benefit from the information gathered in any criminal proceeding for purposes of the third factor involving the private interest of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by delay. The plaintiffs counter that the delay not only denies covered employees a timely recovery, but early distribution of the notice to potential plaintiffs is essential for statute of limitations purposes. Although the plaintiffs allegedly have already been denied timely recompense under the FLSA, the defense argument ignores the issue of notice and prescription. The Court finds that this factor does not weigh in favor of the stay sought.

With regard to the fourth factor, the private interests and burden on the defendants, the defendants argue a significant burden exists "if Mr. Hamdan is forced to defend himself and his companies in the instant civil lawsuit" and that the corporate defendant "would likely be unable to fulfill its civil discovery obligations without the benefit of testimony from Mr. Hamdan, the individual managers, and other witnesses likely to invoke their Fifth Amendment rights."  Rec. Doc. 88-1 at 9.  The Court notes that only Hamdan and Brothers are named as defendants in this matter.  Individual managers are <u>not</u> named as defendants, and no legal authority is provided by the defendants that they are the subject of a criminal investigation or that their fundamental constitutional rights are being threatened.  Rec. Doc. 88-1 at 2.  This factor weighs in favor of a limited stay as to the two named defendants.

The defendants argue that the court and the public have an interest in the stay sought because a criminal proceeding may lend efficiency to this civil matter and a stay results only in a temporary delay.  The Court finds that the interests of the courts and the public interests implicated in the fifth and sixth factors do not support the stay requested.

At the same time, the Court finds, on balance, a temporary and limited stay as to the outstanding discovery is appropriate until such time as the parameters of any criminal investigation is determined.  In the event any privilege is invoked by any party in the future, the procedures outlined in Rule 26 as to privilege, motions to compel and motions for protective orders should be followed.  On balance and based on this record,

IT IS ORDERED that the motion for stay of civil proceedings filed by Brothers Petroleum, L.L.C. and Imad F. Hamdan is PARTIALLY GRANTED and PARTIALLY DENIED.   Rec. Doc. 88.  The previously-ordered list with a computer-readable data file containing all potential opt-in plaintiffs' names, mailing addresses and email addresses shall be provided within 15 days as to all potential opt-in plaintiffs shown in the defendants' records to be documented workers.   No discovery as to undocumented worker may proceed for a period of two (2) months from the date of this order, at which time the Court will consider appropriate motions including a motion to reopen and/or another motion to stay, if appropriate.

IT IS FURTHER ORDERED that this limited stay does not apply to any motion by the plaintiffs seeking protection from the statute of limitations as to any potential opt-in plaintiff whose identity is not being disclosed by virtue of this stay.  THE COURT URGES THE PARTIES TO ENTER INTO A STIPULATION AS TO THIS ISSUE.

New Orleans, Louisiana, this 2nd day of September , 2014.

HELEN G.  BERRIGAN
UNITED STATES DISTRICT JUDGE