```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

DANIA GISSELL CRUZ MEJIA, et. al.,           CIVIL ACTION

      Plaintiffs,

                                                      NO: 12-2842

VERSUS

BROTHERS PETROLEUM, LLC, et al.,             SECTION: R(3)

      Defendants.

## ORDER AND REASONS

Before the Court is plaintiffs' motion to lift the limited stay the Court[1] imposed on September 3, 2014, which stayed discovery owed by Imad Hamdan regarding undocumented employees.[2] The Court DENIES plaintiffs' motion, because defendant Hamdan's Fifth Amendment rights will be jeopardized if the Court lifts the limited stay.

## I.   Background

This is a "collective action" seeking damages for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standard Act ("FLSA"). 29 U.S.C. §§ 206 and 207. Defendants employed plaintiffs at various Brothers Food Mart convenience

---

[1] This matter was previously before Judge Helen Berrigan. After issuing the order imposing the limited stay, Judge Berrigan recused herself and the case was reassigned to this Section. *See* R. Doc. 114.

[2] R. Doc. 107.

stores throughout Louisiana and allegedly failed to compensate plaintiffs adequately during the period from November 28, 2009 to the present.[3]

On July 16, 2014, Judge Berrigan conditionally certified the collective action and defined the class as "[a]ll current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present."[4] Judge Berrigan ordered defendants to produce a list of "all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses."[5] Defendants produced a partial list of employees but omitted the names and contact information of undocumented workers employed by defendants.[6] Defendants then moved the Court to stay the civil proceeding due to the United States Attorney's Office's criminal investigation of defendant Imad Hamdan's alleged hiring of undocumented workers.[7] Defendants argued that allowing discovery to proceed concerning undocumented employees would force Mr. Hamdan

---

[3] R. Doc. 113.

[4] R. Doc. 79 at 3.

[5] *Id.* at 8.

[6] At the time the Court imposed the limited stay, only Brothers Petroleum, LLC and Imad Hamdan, the sole owner of Brothers Petroleum, were defendants in this action.

[7] R. Doc. 88.

2

to chose between his right against self-incrimination and defending against the allegations raised in this civil proceeding. On September 3, 2014, Judge Berrigan denied defendants' motion to stay the proceeding in its entirety but issued a limited stay. Specifically, the Court found that a temporary and limited stay of the outstanding discovery was appropriate until "the parameters of any criminal investigation [are] determined."[8] Accordingly, the Court ordered that "[n]o discovery as to <u>undocumented</u> workers may proceed for a period of two (2) months from the date of this order, at which time the Court will consider appropriate motions including a motion to reopen and/or another motion to stay, if appropriate."[9]

After Judge Berrigan imposed the limited stay, plaintiffs filed their Second Amended Complaint and added forty-four defendants to the action.[10] These additional defendants are not covered by the Court's September 3, 2014 order imposing the limited stay. Plaintiffs now move the Court to lift the limited stay that applies to Hamdan and Brother Petroleum, LLC. Plaintiffs contend that a continued stay is unwarranted because two months have passed and defendants have not demonstrated any meaningful developments in the criminal investigation.[11] Apparently all defendants, including

---

[8] R. Doc. 107 at 5.

[9] *Id.* at 6 (emphasis in original).

[10] R. Doc. 113.

[11] R. Doc. 128-1 at 2.

newly added defendants, oppose the motion arguing that Hamdan and two other defendants were recently served with Grand Jury subpoenas.[12]  This ruling applies only to the parties covered by the original stay.

## II. Discussion

When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action. *United States v. Kordel*, 397 U.S. 1, 12 (1970); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.").  The Fifth Circuit has instructed that, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

When determining whether a stay is warranted, courts consider: (1) the extent of overlap between the criminal case and the civil

---

[12] R. Doc. 135 at 4-5.

case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Texas Webb Cty.*, 625 F. Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases in the Fifth Circuit applying this test). Although district courts have wide discretion to determine whether a stay is warranted, "[e]ven discretionary stays . . . will be reversed when they are immoderate or of an indefinite duration." *In re Ramu Corp.*, 903 F.2d at 318 (internal citations omitted).

    A.    **Extent to Which Issues in the Civil and Criminal Cases Overlap**

The most important factor in determining whether to grant a stay is the similarity in the issues in the civil and criminal actions. *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008). Overlapping issues in parallel civil and criminal proceedings militate in favor of a stay. *See United States v. ATP Oil & Gas Corp.*, CIV. A. No. 13-0262, 2013 WL 6184991, at *3 (E.D. La. Nov. 26, 2013). In determining whether issues in civil and criminal cases are related, courts impose a "common-sense, fact-bound analysis." *In re Ramu*, 903 F.2d at 319.

Here, the Court is unable to determine with certainty the extent to which the civil case overlaps with the criminal investigation because none of the defendants has been indicted. *See SEC v. AmeriFirst Funding, Inc.*, CIV. A. No. 3:07-1188, 2008 WL 866065, at *3 (N.D. Tex. Mar. 17, 2008) ("Because no indictment has as yet been handed up against [defendant], the court cannot determine with certainty the degree of overlap between this [civil] action and the criminal investigation."). The few indications that the Court does have, however, suggest that the criminal charges, if they are forthcoming, will be directed at defendant Hamdan's alleged practice of hiring undocumented workers.[13] The scope of the criminal proceeding thus will likely be limited to undocumented employees. The civil proceeding, on the other hand, relates to all of the defendants' current and former non-exempt, hourly employees, including undocumented employees, as the FLSA applies to citizens and undocumented workers alike.[14] Although the undocumented workers status as such is not an issue in the civil case, the information sought by plaintiffs in this proceeding--names and contact information of undocumented workers employed by defendants--is the

---

[13] Defendants attached as exhibits to their opposition subpoenas addressed to defendants Imad Hamdan, Brothers Petroleum, LLC, and Ziad Mousa requiring production on October 31, 2014 of "all accounting records of every Brothers location, to include any handwritten payroll and/or accounting records." R. Doc. 135-2.

[14] R. Doc. 113 at 1.

apparent crux of the criminal investigation. Accordingly, the Court finds that the overlap between the civil case and the criminal investigation weighs in favor of continuing the limited stay.

### B. Status of the Criminal Proceeding and Defendants' Burden

The second factor, the status of the criminal case, "is largely linked with the fourth factor, the potential burden on Defendant in not granting the stay." *LeBouef v. Global X-Ray*, CIV. A. No. 07-5755, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008). When a criminal indictment has been issued, there is greater risk of self-incrimination, and "a court should strongly consider staying the civil proceeding until the related criminal proceedings are resolved." *Whitney Nat'l Bank v. Air Ambulance ex rel. B. & C Mgmt.*, CIV. A. No. 04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 19, 2007). Although this factor weighs most heavily in favor of a stay when an indictment has been issued, that an indictment has not been issued does not necessarily mean that a stay of discovery is unwarranted. *S.E.C. v. Offill*, CIV. A. No. 3:07-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008). *See also Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989) (finding pre-indictment stay appropriate when a "criminal investigation . . . parallels the ongoing civil action").

Here, although Hamdan has not been indicted, defendants have provided evidence demonstrating that a criminal investigation into

7

Hamdan's hiring practices is underway.[15] Moreover, given that plaintiffs would have Hamdan disclose the names and contact information of any undocumented employees, the Court finds that Hamdan "would be burdened by civil discovery on the same issues" that are the subject of the criminal investigation. *Whitney Nat'l Bank*, 2007 WL 1468417, at *3. Indeed, absent a stay, Hamdan would be forced to chose between his civil discovery obligations and his Fifth Amendment privilege against self-incrimination. *See Doe v. Morris*, CIV. A. No. 11-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012). Thus, while the pre-indictment status of the criminal investigation does not counsel in favor of a complete stay, the Court finds that the second and fourth factors weigh in favor of continuing the limited stay. *See Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, CIV. A. No. 11-2405, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) (finding pre-indictment stay appropriate because "the criminal investigation is extremely active, and this weighs in favor of a stay").

### C. Plaintiffs' Interest

Typically, courts require a plaintiff who opposes a stay to demonstrate undue burden from a stay. *See Whitney Nat'l Bank,* 2007 WL 1468417, at *3 (citing *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003)). Here, plaintiffs argue that undocumented workers will be prejudiced if

---

[15] *See supra* note 12.

the Court continues the limited stay. First, plaintiffs argue that because the statute of limitations on FLSA claims runs until potential plaintiffs opt into the action, potential undocumented plaintiffs may lose their rights to participate in this action if the limited stay remains in effect.[16] Second, plaintiffs argue that contact information for undocumented workers quickly becomes stale so that a prolonged stay will decrease the number of plaintiffs who receive notice.[17]

As to the first argument, defendants have signed a stipulation agreeing to toll the statute of limitations with regard to the claims of undocumented workers until the stay is lifted.[18] Accordingly, plaintiffs' first argument is without merit. Plaintiffs' second argument--that potential plaintiffs may be less likely to receive notice of this action if the limited stay is continued--is belied by the fact that plaintiffs' proposed class period runs from November 28, 2009 until the present. Over five years has already elapsed since the beginning of the proposed class period, and the Court is not convinced that extending the limited stay of discovery will materially alter the likelihood that potential undocumented opt-in plaintiffs will receive notice of

---

[16] R. Doc. 182-1 at 9.

[17] R. Doc. 139-2 at 5.

[18] R. Doc. 130.

this action. Accordingly, the Court finds that plaintiffs' interest in lifting the stay is *de minimis*.

### D. Interests of Court and Public

The Court has an interest in judicial economy and in conducting litigation expeditiously. *Alcala*, 625 F. Supp.2d at 407. In addition, the "public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Id.* (quoting *St. Martin v. Jones*, CIV. A. No. 08-1047, 2008 WL 4534398, at *3 (E.D. La. Oct. 2, 2008)). Here, the Court issued its scheduling order on September 12, 2014, and trial is currently set for June 22, 2015. Further, although the public has an interest in the timely resolution of cases, granting a stay delays resolution of the matter only temporarily. *Doe v. Morris*, CIV. A. No. 11-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012). The Court finds that the court's interest and the public interest counsel in favor of continuing the limited stay. *Cf. Whitney Nat'l Bank*, 2007 WL 1468417, at *3 (court's interest and public interest factors weighed against granting a stay when parties had completed discovery and were prepared for trial).

## III. Conclusion

For the foregoing reasons, plaintiffs' motion to lift the limited stay is DENIED.

IT IS FURTHER ORDERED that the limited stay imposed in the Court's September 3, 2014 order staying defendants Imad Hamdan's and Brother Petroleum, LLC's discovery obligations concerning undocumented employees is hereby continued for a period of three (3) months from the date of this order, at which time the Court will consider appropriate motions to lift or continue the stay.

To the extent that other defendants believe their Fifth Amendment rights are implicated in this proceeding, those defendants may seek appropriate relief based upon a particularized showing.

New Orleans, Louisiana, this __11th__ day of December, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE