UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REINA PRADA MEDINA | | |
|    Plaintiff | * | |
| | * | CIVIL ACTION NO. 13-4831 |
| VERSUS | * | |
| | * | |
| BROTHERS BEHRMAN HWY., INC. | * | JUDGE JANE TRICHE MILAZZO |
| and | * | |
| BROTHERS STUMPF & TERRY | * | |
| PARKWAY, LLC | * | MAGISTRATE KAREN WELLS |
|    Defendants | * | ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A FLSA COLLECTIVE ACTION AND SEND NOTICE OF CLASS**

May It Please the Court:

**I.    STATEMENT OF THE CASE**

Plaintiff, Reina Prada Medina, filed this action on behalf of herself and other similarly situated current and former employees pursuant to 29 U.S.C. § 216 (b). She alleges that Brothers Behrman Hwy., Inc. and Brothers Stumpf & Terry Parkway, LLC failed to pay her and a class of similarly situated employees overtime wages for years through a ruse of double-booking employee pay-rolls by paying them from multiple entities when in fact they only worked at one physical location. These similarly situated nonexempt individuals regularly worked in excess of forty (40) hours per week, sometimes working upward of seventy-two (72) hours per week.

This policy and/or practice included not paying employees for overtime hours worked at the appropriate rate of time-and-a-half, and paying Plaintiff and others similarly situated from differing accounts so as to make it appear as if said employees were working at more than one location when in fact Plaintiff and others similarly situated only worked at one store location. As

such, the violations are alleged to be intentional and continuing violations. Moreover, the Defendant's actions were willful and not in good faith and were designed to circumvent the rights of Plaintiff and those similarly situated individuals under the FSLA.

Plaintiff now moves the Court to conditionally certify a Fair Labor Standards Act collective action and order notice sent to members of a class of current and former nonexempt employees employed by Brothers Behrman Hwy, Inc. and Brothers Stumpf & Terry Parkway, LLC after June 18, 2010.

## II. LEGAL STANDARDS GOVERNING FLSA REPRESENTATIVE ACTIONS

The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act receives fair day's pay for a fair day's work and is protected from the evil of overwork as well as underpay. *Barrentine v. Arkansas-Best Freight Sys. Inc.,* 450 U.S. 728, 739 (1981). In passing the FLSA, Congress intended to address long working hours that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. *Barrentine,* 450 U.S. at 739. Congress also recognizes that allowing individual employees, subject to the same illegal practices, to bring claims collectively was both fair and efficient. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The FLSA provides for one or more employees to pursue an action in a representative capacity for other employees similarly situated. *Id.,* U.S.C. § 216(b).

A FLSA "collective action" differs from a Rule 23 representative action in that an employee must affirmatively opt-in to a FLSA collective action by filing a written consent with the court. Thus, there are only two requirements to proceed as a representative action under 216(b): (1) all plaintiffs must be "similarly situated," and (2) a plaintiff must consent in writing

to taking part in the suit. This latter requirement means that a representative action follows an "opt-in" rather than an "opt-out" procedure. *Encinas v. J.J. Drywall Corp.,* 265 F.R.D. 3, 6 (D.D. C. 2010) *citing Hunter v. Sprint Corp.,* 346 F. Supp. 2d 113, 117 (D.D.C. 2004).

There is only a threshold issue of whether the group is "similarly situated." *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997). While the FLSA does not define "similarly situated," courts understand it to require a showing that the plaintiffs "and potential plaintiffs together were victims of a common policy or plan that violated the law." *Encinas,* 265 F.R.D. at 6, *citing Castillo v. P & R Enterprises, Inc.*, 517 F. Supp. 2d 440, 445 (D.D.C. 2007). In determining if a group is similarly situated, courts consider "(1) whether [putative class member] all worked in the same corporate department, division and location; (2) whether they all advance similar claims; and (3) whether they sought substantially the same form of relief." *Encinas*, 265 F.R.D. at 6, *quoting Hunter*, 346 F. Supp. 2d at 119. While courts consider these factors, class members need not have identical job titles or duties or have worked in the same department or location to be similarly situated. It is enough that they share substantially similar job responsibilities and suffer from a uniform pay policy. *Encinas,* 265 F.R.D. at 6-7, *citing Castillo*, 517 F. Supp. 2d at 446-48.

When employees are shown to be similarly situated, the district court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient way and has the discretion to facilitate notice to potential plaintiffs of their right to opt-into the actions. *See Hoffman-La Roche*, 493 U.S. at 166, 170, 172; *Hunte,* 346 F. Supp. 2d at 117. Such notice should be "timely, accurate, and informative." *See Hoffman-La Roche,* 493 U.S. at 172. Notice should issue early in the litigation to give class members the opportunity to join the action.

Courts utilize a two-step process when analyzing motions to certify a collective action under FLSA. First, the court determines whether the proposed class members are "similary situated." This first step is conducted early in the litigation before discovery is conducted and when the court has limited evidence regarding the "similarly situated" issue. At this initial stage,

> [t]he court employs a lenient standard . . . requiring only that the plaintiff make "a modest factual showing" that potential class members are "similarly situated." This showing may be made through pleadings and affidavits that demonstrate that "the putative class members were together the victims of a "single decision, policy or plan "that violated the law.

*McKinney v. United Stor-All Centers,* 585 F. Supp. 2d 6, 8 (D.D.C. 2008).

The second stage is typically precipitated by a motion for "decertification" filed by defendant after discovery is largely complete. *Encinas,* 265 F.R.D. at 6, *citing Castillo*, 517 F. Supp. 2d at 445. If the additional claimants are not similarly situated, the district court decertifies the class and opt-in plaintiffs are dismissed without prejudice. *Castillo*, 517 F. Supp. 2d at 445.

The reason for this two-step process with its relatively liberal first-stage standard for assessing the question of whether class members are "similarly situated" arises because, unlike a Rule 23 class action, limitations are not tolled for putative members of a FLSA class until they affirmatively opt into the action. Thus, it is critical that notice of the right to opt-in is issued promptly if there is a colorable basis for believing the class members may be similarly situated. *Castillo*, 517 F,. Supp. 2d at 444-45, *citing Hoffman-LaRoche,* 493 U. S. At 170. Because the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action, *see* 29 U.S.C. § 256(b), courts have concluded that the objectives to be served through a collective action justify conditional certification of a class of putative plaintiffs early in a proceeding, typically before any significant discovery, upon an initial showing that members of

the class are similarly situated.

Courts regularly exercise their discretion to order notice be sent to a class of similarly situated employees early in a litigation. Delay for discovery is neither necessary nor appropriate given the running of the statute of limitations.

## III. THIS CASE MEETS THE STANDARD FOR CONDITIONAL CERTIFICATION

Plaintiff has met her first-stage burden to show that class of people employed by Defendants is similarly situated. The burden at this stage is lenient. As alleged in the complaint, Defendants routinely denied overtime pay to its nonexempt employees because of Defendants' ruse of double-booking employee pay-rolls by paying them from multiple entities when in fact they only worked at one physical location. These allegations are sufficient to show that all employees working for Defendants were subject to a common illegal pay policy. Accordingly, the putative class is similarly situated and should e conditionally certified for purposes of notifying putative class members of the opportunity to join the action. *Encinas,* 265 F.R.D. at 3; *McKinney*, 585 F. Supp. 2d at 6.

## III. DEFENDANTS SHOULD PROVIDE INFORMATION NECESSARY TO EFFECTUATE NOTICE

Court authorization of notice to the class in a FLSA collective action "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman-La Roche*, 492 U.S. at 172. In *Hoffman-La Roche*, the Supreme Court recognized that courts have the authority to require employers to provide the names and addresses of putative class members, and courts regularly require such production to facilitate notice. *See, e.g., Encinas,* 265 F.R.D. at 7; *Hunter,* 346 F. Supp. at 121.

Plaintiff respectfully requests this Court to order Defendants to provide her counsel with the last known addresses of the class members in order to assist with the issuance of the notice and to provide her counsel with the dates of birth and partial social security numbers for any class members whose mailed notice is returned by the post office.

Plaintiff also requests that the Court order the Defendants to post at all of its worksites in the same areas in which it is required to post FLSA notices. Posting of notice also contributes to dissemination among similarly situated employees and serves what the Supreme Court in *Hoffman-La Roche v. Sperling* recognizes as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172.

**CONCLUSION**

For all of the foregoing reasons, this Honorable Court should conditionally certify this action as a FLSA representative action on behalf of a class of all current and former nonexempt employees employed by Brothers Behrman Hwy, Inc. and Brothers Stumpf & Terry Parkway, LLC after June 18, 2010, who worked overtime hours but were not paid overtime wages during all or part of their employment. This Honorable Court should further authorize Plaintiff's counsel to issue a notice to be sent to all said employees and to post a notice of this lawsuit and consent to sue in a conspicuous location in the workplace. Finally, this Honorable Court should also order Defendants to provide Plaintiff's counsel with the last known addresses of putative collective members and the telephone numbers, dates of birth, and the last four digits of the social security number of any potential class members whose notice is returned by the post office so that Plaintiff's counsel may provide effective notice to the class.

Respectfully Submitted:

/s/   Philip A. Costa

PHILIP A. COSTA (LSBN 4428)
829 Baronne St.
New Orleans, LA 70113
Telephone: (504) 581-9322

       and

/s/    Gloria T. Lastra

ROMUALDO GONZALEZ (LSBN 6118)
GLORIA T. LASTRA (LSBN 25442)
228 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 581-2073

**Attorneys for Plaintiff, Reina Prada Medina**