UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIA GISSELL CRUZ MEJIA, et. al.,          CIVIL ACTION

      Plaintiffs,

                                        NO: 12-2842

VERSUS

BROTHERS PETROLEUM, LLC, et al.,          SECTION: R(3)

      Defendants.

**<u>ORDER AND REASONS</u>**

Defendants Lenny Motwani, LKM Convenience, and LKM Enterprises (collectively the "LKM Defendants") move the Court to dismiss plaintiffs' claims against the LKM Defendants under Rule 12(b)(6).[1] The Court grants the LKM Defendants' motion because plaintiffs fail to adequately plead individual or enterprise coverage under the Fair Labor Standards Act.

I.   **Background**

Plaintiffs Dania Mejia, Maria Mejia, Martha Balleza, and Esther Torres filed this action on November 28, 2012 before Judge Helen Berrigan alleging that Brothers Petroleum, LLC, Brothers Food Mart, and Imad Faiez Hamdan (collectively the "Hamdan Defendants") failed to adequately compensate plaintiffs in violation of the overtime and minimum wage provisions of the Fair Labor Standards

---

[1] R. Doc. 168.

Act ("FLSA").[2]   29 U.S.C. §§ 206 and 207.   One year later, plaintiffs amended their complaint to state a collective action under the FLSA, seeking damages against the Hamdan Defendants on behalf of all individuals "similarly situated."[3]

On July 16, 2014, Judge Berrigan granted plaintiffs' motion to conditionally certify a collective action.  Judge Berrigan defined the collective action class to include

> [a]ll current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 9, 2009 through the present.[4]

Judge Berrigan further ordered the Hamdan Defendants to provide plaintiffs' counsel with a list of all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses so that plaintiffs' counsel could facilitate notice to all potential members of the collective action.[5]   To date, approximately 65 additional plaintiffs have opted into this action.

On August 22, 2014, after Judge Berrigan conditionally certified the collective action, plaintiffs moved for leave to file a second amended complaint seeking to add two named plaintiffs, Claudia Wilson and Dora Pimeda, as well as an additional forty-four

---

[2] R. Doc. 1.

[3] R. Doc. 37.

[4] R. Doc. 79 at 3.

[5] *Id.* at 8.

defendants to the action.[6]  The majority of the new defendants are additional Brothers Food Mart locations owned and operated by the original Hamdan Defendants.  Plaintiffs, however, also sought to introduce three new Brothers Food Mart location owners to the action--Lenny Motwani, Abdel Raoyf Mousa, and Ziad Mousa.  Lenny Motwani allegedly owns and operates two Brothers locations, LKM Convenience and LKM Enterprises (collectively the "LKM Defendants").[7]  Abdel Raoyf Mousa allegedly owns and operates three Brothers locations, Brothers Stonebridge, Brothers Terry Parkway, and Brothers Behrman Hwy (collectively the "Raoyf Defendants").[8] Ziad Mousa allegedly owns and operates one Brothers location, Brothers Expressway, Inc. (collectively the "Ziad Defendants").[9] In the Second Amended Complaint, plaintiffs allege that all of the "Defendants worked in concert to operate and run a business that served a single common goal, and Defendants are therefore joint employers of Plaintiffs."[10]  Plaintiffs further allege that "some or all" of the plaintiffs worked interchangeably for the Defendants

---

[6] R. Doc. 99.

[7] R. Doc. 113 at 6.

[8] *Id.*

[9] *Id.* at 7.

[10] *Id.*

and that all Defendants utilized the same method for paying plaintiffs.[11]

On September 11, 2014, Magistrate Judge Knowles granted plaintiffs' motion for leave to file the Second Amended Complaint, stating:

> The Court's main concern is that the District Court has already ruled on the conditional collective class action, but the Court's research has revealed no impediment to filing an amended complaint after such a ruling.  Indeed, there has been no permanent certification, and any defendant may move to de-certify the class at any time.[12]

Plaintiffs filed their Second Amended Complaint the same day.[13]  The following day, Judge Berrigan recused herself and the case was transferred to this section of the court.[14]

The LKM Defendants now move the Court to dismiss plaintiffs' claims against the LKM Defendants under Rule 12(b)(6).  The LKM Defendants argue that dismissal is warranted because (1) plaintiffs have "failed to provide sufficient factual context for the uncompensated overtime element of their FLSA claim,"[15] (2) plaintiffs failed to adequately plead interstate activity,[16] and (3)

---

[11] *Id.*

[12] R. Doc. 112 at 3.

[13] R. Doc. 113.

[14] R. Doc. 114.

[15] R. Doc. 168-1 at 4.

[16] *Id.* at 5.

4

plaintiffs "have failed to identify even one plaintiff who worked at an LKM store."[17]

## II.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  If there are

---

[17] *Id.*

insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555.

## III. Discussion

An employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal rate for hours worked in excess of 40 hours per week, or fails to pay covered employees a minimum wage of $7.25 per hour.  29 U.S.C. §§ 206 and 207.  Thus, in order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum wage] requirements; and (4) the amount of overtime [or minimum wage] compensation due."  *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Defendants assert that plaintiffs' Second Amended Complaint inadequately pleads the first, second, and third elements of a successful FLSA claim.  The Court will address these arguments in turn.

6

A.   *Employee-Employer Relationship*

The LKM Defendants contend that plaintiffs' Second Amended Complaint fails to adequately plead that the LKM Defendants qualify as plaintiffs' employers under the FLSA.   The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."   29 U.S.C. § 203(d).   FLSA regulations provide that multiple individuals or entities may be considered an employee's joint employers in situations such as:

> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2.   The Fifth Circuit has adopted the "economic realities test" to determine whether an individual or entity qualifies as an employer under the FLSA.   Under the economic realities test, Courts consider whether the putative employer:

> (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

7

*Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).  The Court must apply the economic realities test to each individual or entity alleged to be an employer.  *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).  However, all four of the factors need not be present in each case to find an employee-employer relationship.  *Id.* at 357.  Rather, the Court must consider the totality of the circumstances and the economic reality of the overall relationship.  *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973) ("Whether appellant is an employer of the harvest workers does not depend on technical or isolated factors but rather on the circumstances of the whole activity; it depends not on the form of the relationship but on the economic reality.") (internal quotation and citations omitted).

With respect to the LKM Defendants, the Second Amended Complaint states:

> At all times material hereto, Defendant Lenny Motwani was the owner and/or operator of the Brothers Food Mart locations that were owned by [LKM Enterprises and LKM Convenience] at issue herein.  Plaintiffs . . . allege that Defendant Lenny Motwani jointly employed Plaintiffs . . . with the other Defendants as he was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.[18]

The Second Amended Complaint further alleges that all defendants, including the LKM Defendants, worked in concert to operate and run businesses that served a single common goal, allowed plaintiffs to

---

[18] R. Doc. 113 at 6.

8

work interchangeably between all stores operated by defendants, and utilized the same method for paying all Brothers Food Mart employees.[19]

The LKM Defendants contend that these allegations are "vague, conclusory assertions" that are insufficient to survive a motion to dismiss.[20]  The LKM Defendants premise this argument on plaintiffs' failure to identify by name the particular plaintiffs that allegedly worked for the LKM Defendants.  Additionally, without providing a list of the individual plaintiffs that allegedly worked interchangeably for all of the defendants, the LKM Defendants argue that plaintiffs "have failed to make out a facially plausible claim of joint employer liability."[21]

Limiting its analysis to the facts alleged in the complaint and accepting them as true for the purposes of this motion, the Court concludes that plaintiffs have adequately pleaded that the LKM Defendants are plaintiffs' employers under the FLSA.  The evidence may ultimately show that the LKM Defendants were not plaintiffs' employers, and the LKM Defendants remain free to bring a motion for summary judgment on that basis.  Similarly, while the evidence may ultimately demonstrate that the LKM Defendants operate independently from the other defendants in this action and do not

---

[19] *Id.* at 7.

[20] R. Doc. 179 at 4.

[21] *Id.* at 4-5.

share employees with any of the other defendants, the Court is not free to disregard plaintiffs' allegations that all defendants, including the LKM Defendants, allowed plaintiffs to work interchangeably for their various Brothers Food Mart stores. *See Soriano v. Gulf Coast Lift, LLC*, Civ. A. No. 12-2744, 2014 WL 949145, at *6 (E.D. La. Mar. 11, 2014) ("[P]laintiffs have made allegations against all defendants, Johnson included, which, if proven as to Johnson, would qualify him as an employer under the FLSA."); *Rodriguez v. Gold & Silver Buyers, Inc.*, Civ. A. No. 12-1831, at *3 (S.D. Tex. Sept. 24, 2013) ("The contention that a particular defendant is an employer is the very definition of a factual allegation upon which plaintiffs are entitled to offer proof.") (internal citations omitted); *McLaughlin v. Intrepid Holdings, Inc.*, Civ. A. No. 08-798, 2008 WL 4692386, at *2 (S.D. Tex. Oct. 22, 2008) (denying motion to dismiss because plaintiffs were entitled to discovery on issue of defendants' relationships with one another).

Accordingly, the Court finds that plaintiffs' have adequately pleaded that the LKM Defendants are plaintiffs' employers.

B.   *FLSA Coverage*

Consistent with Congress's power to regulate interstate commerce, the FLSA minimum wage and overtime provisions extend to employees who are (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage"), or (2) "employed in an

enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").  29 U.S.C. §§ 206(a), 207(a). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis in original).  Plaintiffs bear the burden of establishing either individual or enterprise coverage.  *Sobrinio v. Med. Ctr. Visitor's Lodge*, 474 F.3d 828, 829 (5th Cir. 2007).

      *1.   Individual Coverage*

To sufficiently plead individual coverage, a plaintiff must allege facts giving rise to a reasonable inference that he or she was engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206(a), 207(a); *Morrow v. J W Elec., Inc.*, Civ. A. No. 11-1988, 2011 WL 5599051, at *2-3 (N.D. Tex. Nov. 16, 2011).  To determine whether an employee is engaged in commerce, the Fifth Circuit employs a "practical test," asking whether the employee's "work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (internal citations omitted).   "Commerce" under the FLSA, "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).  Accordingly, "[w]ork that is purely local in nature does not meet the FLSA's requirements, but any regular

contact with commerce, no matter how small, will result in coverage." *Henagan*, 595 F.3d at 621.

Here, the Second Amended Complaint is devoid of any facts or allegations regarding the plaintiffs' relationship to instrumentalities or facilities of interstate commerce. Indeed, the only allegations in the Second Amended Complaint regarding plaintiffs' work duties are that plaintiffs worked as hourly cashiers, cooks, and store operators at defendants' convenience stores.[22] While these allegations provide a generic description of plaintiffs' work, "they do not show how the work engages plaintiffs in interstate commerce." *Lopez-Santiago v. Coconut Thai Grill*, Civ. A. No. 4268, 2014 WL 840052, at *4 (N.D. Tex. Mar. 4, 2014). Plaintiffs' allegation that they worked at convenience stores, without more, does not give rise to an inference that plaintiffs were engaged in interstate commerce. *See McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943) ("[H]andlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not."); *Sobrino*, 474 F.3d at 830 (FLSA does not cover work which "amounts to nothing more than providing local transportation for motel patrons").

---

[22] R. Doc. 113 at 8-9.

12

The Second Amended Complaint is devoid of any description or mention of plaintiffs' relationship to interstate commerce. Plaintiffs' bare-bones description of their work responsibilities does not adequately plead individual coverage under the FLSA.

### 2. Enterprise Coverage

To plead enterprise coverage, plaintiffs must allege facts giving rise to a reasonable inference that defendants constitute "enterprise[s] engaged in commerce or in the production of goods for commerce."  29 U.S.C. §§ 206(a), 207(a).  The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(1).

Here, plaintiffs make the conclusory allegation that "Defendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States."[23]  This allegation is nothing more than "a formulaic recitation" of the FLSA enterprise coverage standard.  *Twombly*, 550 U.S. at 555.  *See also Payne v. Universal Recovery, Inc.*, Civ. A.

---

[23] R. Doc. 113 at 5.

13

No. 11-1672, 2011 WL 7415414, at *5 (N.D. Tex. Dec. 7, 2011)
(plaintiff's "conclusory allegations that . . . Universal was an
enterprise engaged in interstate commerce and . . . regularly owned
and operated businesses engaged in commerce or in the production of
goods for commerce as defined by the FLSA . . . failed to
sufficiently plead enterprise coverage"). Additionally, plaintiffs
do not make any allegation whatsoever that defendants' stores
grossed more than $500,000 annually. *See Perez v. Muab, Inc.*, Civ.
A. No. 10-62441, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011)
(dismissing action because "[t]he Complaint does not allege
anything regarding whether Defendant Muab has $500,000 in gross
revenue during the relevant period"). Accordingly, the Court finds
that plaintiffs have also failed to plead enterprise coverage under
the FLSA. *See Baker v. ABC Provider DFW, LLC*, Civ. A. No. 13-288,
2014 WL 1267302, at *2 (S.D. Tex. Mar. 26, 2014) (dismissing
similarly phrased complaint).

   *C.   Plaintiffs' Overtime Claims*

 The  Second Amended Complaint alleges:

> During the time they worked for Defendants, plaintiffs
> worked approximately 70-80 hours per week for Defendants.
> In July 2012, Defendants reduced Plaintiffs hours to
> approximately 50 hours per week. Although Plaintiffs
> regularly worked in excess of 40 hours per week for
> Defendants, they were not paid time and one-half for
> hours worked in excess of 40 per week, in direct
> violation of the FLSA.[24]

---

[24] R. Doc. 113 at 10.

14

The LKM Defendants argue that the FLSA requires plaintiffs to plead the uncompensated overtime element of their claim with greater particularity.[25] More specifically, the LKM Defendants contend that the Second Amended Complaint fails because "[p]laintiffs do not approximate how many weeks, nor identify any particular weeks, in which they worked more than 40 hours without overtime."[26]

The Court finds that plaintiffs have adequately pleaded the uncompensated overtime element of their FLSA claim.  Plaintiffs allege that they worked approximately 70-80 hour per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay.  "Those are all factual allegations--not legal conclusions--and, if proven, they give rise to a plausible claims for relief." *Hoffman v. Cemex, Inc.*, Civ. A. No. 09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009).  The allegations in the Second Amended Complaint put the defendants on notice as to the approximate date ranges, as well as the approximate number of hours worked, for which plaintiffs claim they were under-compensated.  The FLSA does not require more. *Id.* at *3 (finding plaintiffs' allegations "that they regularly worked more than 40 hours per []week, and that they were not paid time-and-a-half for those overtime hours" sufficient to state a claim under the FLSA). *See also Qureshi v. Panjwani*, Civ. A. No. 08-3154, 2009

---

[25] R. Doc. 168-1 at 3.

[26] *Id.* at 4.

WL 1631798, at *3 (S.D. Tex. June 9, 2009) (denying motion to dismiss when plaintiffs alleged that "they were required to work in excess of a forty-hour week without overtime compensation"); *Solis v. Time Warner Cable San Antonio, L.P.*, Civ. A. No. 10-231, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) (denying motion to dismiss when plaintiffs alleged that they "routinely worked more than 40 hours per workweek, and in many workweeks in excess of 60 hours per workweek").

## IV.  Conclusion

     For the foregoing reasons, the Court finds that plaintiffs have failed to plead either individual or enterprise coverage under the FLSA.  Accordingly, the Court grants the LKM Defendants' motion to dismiss without prejudice.  Plaintiffs will be allowed twenty-one (21) days from the date of this order to amend their complaint. Failure to timely amend the complaint will result in dismissal of plaintiffs' claims against the LKM Defendants with prejudice.

     New Orleans, Louisiana, this __9th__ day of June, 2015.

                          _____
                              SARAH S. VANCE
                     UNITED STATES DISTRICT JUDGE