```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

DANIA GISSELL CRUZ MEJIA, et. al.,          CIVIL ACTION

      Plaintiffs,

                                                            NO: 12-2842

VERSUS

BROTHERS PETROLEUM, LLC, et al.,            SECTION: R(3)

      Defendants.

**ORDER AND REASONS**

Before the Court is defendant Imad Hamdan and Brothers Petroleum LLC's motion to continue the limited stay on discovery regarding undocumented employees that the Court[1] initially imposed on September 3, 2014.[2] The Court grants defendants' motion because defendant Hamdan's Fifth Amendment rights will be jeopardized if the Court does not extend the stay.

**I.  Background**

This is a "collective action" seeking damages for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standard Act ("FLSA").  29 U.S.C. §§ 206 and 207.

---

[1] This matter was previously before Judge Helen Berrigan. After issuing the order imposing the limited stay, Judge Berrigan recused herself and the case was reassigned to this Section. *See* R. Docs. 114.

[2] R. Doc. 107.

Defendants[3] employed plaintiffs at various Brothers Food Mart convenience stores throughout Louisiana and allegedly failed to compensate plaintiffs adequately during the period from November 28, 2009 to the present.[4]

On July 16, 2014, Judge Berrigan conditionally certified the collective action and defined the class as "[a]ll current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present."[5] Judge Berrigan ordered defendants to produce a list of "all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses."[6] Defendants produced a partial list of employees but omitted the names and contact information of undocumented workers employed by defendants. Defendants then moved the Court to stay the civil proceeding due to the United States Attorney's Office's criminal investigation of

---

[3] At the time Judge Berrigan imposed the limited stay, only Brothers Petroleum, LLC and Imad Hamdan, the sole owner of Brothers Petroleum, were defendants in this action. Although the Second Amended Complaint subsequently added new defendants to this action, the limited stay continues to apply only to the original Hamdan defendants. Moreover, for the purposes of this Order, the Court uses "defendants" to mean Imad Hamdan and Brothers Petroleum, LLC only.

[4] R. Doc. 113.

[5] R. Doc. 79 at 3.

[6] *Id.* at 8.

defendant Imad Hamdan's alleged hiring of undocumented workers.[7] Defendants argued that allowing discovery to proceed concerning undocumented employees would force Mr. Hamdan to chose between his right against self-incrimination and defending against the allegations raised in this civil proceeding.

On September 3, 2014, Judge Berrigan denied defendants' motion to stay the proceeding in its entirety but issued a limited stay. Specifically, the Court found that a temporary and limited stay of the outstanding discovery was appropriate until "the parameters of any criminal investigation [are] determined."[8]  Accordingly, the Court ordered that "[n]o discovery as to <u>undocumented</u> workers may proceed for a period of two (2) months from the date of this order, at which time the Court will consider appropriate motions including a motion to reopen and/or another motion to stay, if appropriate."[9] On September 12, 2014, Judge Berrigan recused herself and this matter was transferred to this section of the court.[10]

On November 5, 2014, plaintiffs moved the Court to lift the limited stay, arguing that there had been no significant developments in the criminal investigation.[11] Defendants opposed

---

[7] R. Doc. 88.

[8] R. Doc. 107 at 5.

[9] *Id.* at 6 (emphasis in original).

[10] R. Doc. 114.

[11] R. Doc. 128.

the motion and attached copies of October 14, 2014 Grand Jury subpoenas served on defendants in support of their contention that the criminal investigation remained active.[12] On December 11, 2014, the Court denied plaintiffs' request to lift the limited stay, concluding that defendant Hamdan's Fifth Amendment rights would be jeopardized if the Court lifted the limited stay.[13] In so holding, the Court considered: (1) the extent of the overlap between the criminal case and the civil case; (2) the status of the criminal case; (3) the interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest. The Court found that these factors weighed defendants' favor and the Court extended the limited stay for an additional three months.[14]

Three months have elapsed and defendants now move the Court to extend the limited stay.[15] Defendants contend that an extension is warranted because the criminal investigation into Defendant Hamdan's hiring practices remains active. In support of their position, defendants provide the Court with copies of March 4, 2015

---

[12] R. Doc. 135.

[13] R. Doc. 161.

[14] *Id.* at 10-11.

[15] R. Doc. 191.

immigration enforcement subpoenas served on three Brothers Food Mart locations owned and operated by defendant Hamdan.[16] Defendants also provide copies of email correspondence in which the U.S. Attorney's Office requests interviews with "some of the Brothers' employees."[17] Plaintiffs oppose the defendants' request for an extension of the stay, arguing that "no meaningful progress has been made in the alleged criminal investigation."[18]

## II. Discussion

When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action. *United States v. Kordel*, 397 U.S. 1, 12 (1970); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."). The Fifth Circuit has instructed that, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."

---

[16] R. Doc. 191-2 at 1.

[17] R. Doc. 191-3 at 2.

[18] R. Doc. 194 at 1.

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

When determining whether a stay is warranted, courts consider: (1) the extent of overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases in the Fifth Circuit applying this test). Although district courts have wide discretion to determine whether a stay is warranted, "[e]ven discretionary stays . . . will be reversed when they are immoderate or of an indefinite duration." *In re Ramu Corp.*, 903 F.2d at 318 (internal citations omitted).

As mentioned above, the Court weighed the six *Alcala* factors when it denied plaintiffs' motion to lift the limited stay on December 11, 2014.[19] Here, the parties do not raise any arguments that were not addressed in the Court's December 11, 2014 ruling.[20]

---

[19] *See* R. Doc. 161.

[20] In their opposition, plaintiffs make several requests in the event that the Court extends the stay, including: (1) converting the action into a Rule 23 class action; (2)

6

The only new information before the Court is defendants' exhibits that demonstrate that the criminal investigation into defendant Hamdan's hiring practices remains active.[21] Accordingly, because defendants have provided the Court with evidence that the criminal investigation remains active, and for the reasons stated in the Court's December 11, 2014 ruling, the Court concludes that an extension of the limited stay is warranted.

**III. Conclusion**

For the foregoing reasons, defendants' motion to extend the limited stay is GRANTED.

IT IS FURTHER ORDERED that the limited stay imposed in the Court's September 3, 2014 order staying the discovery obligations of defendants Imad Hamdan and Brothers Petroleum, LLC concerning undocumented employees is hereby continued for a period of three (3) months from the date of this order, at which time the Court will consider appropriate motions to lift or continue the stay.

---

authorizing "extraordinary measures to facilitate notice" to the undocumented workers; and (3) requiring defendants to provide additional information so that plaintiffs can evaluate whether an extended stay is warranted. R. Doc. 194 at 13-14. The Court finds such requests inappropriate in a brief in opposition to defendants' motion to extend the limited stay. If plaintiffs want the Court to take any further action regarding these requests, they may brief the issues by separate motion.

[21] See R. Docs. 131-2 (immigration enforcement subpoenas served on three Brothers Food Mart location owned by defendant Hamdan) and 131-3 (U.S. Attorney request for employee interviews).

New Orleans, Louisiana, this __12th__ day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE