UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REINA PRADA MEDINA                          CIVIL ACTION

        Plaintiff,

                                            NO: 13-4831

VERSUS

BROTHERS BEHRMAN HWY., INC. AND             SECTION: R(4)
BROTHERS STUMPF & TERRY PARKWAY,
INC.

        Defendants.

## ORDER AND REASONS

Plaintiff Reina Prada Medina moves the Court to conditionally certify a Fair Labor Standards Act (FLSA) collective action under 29 U.S.C. § 216(b). The Court denies the motion because plaintiff's proposed collective class is duplicative of a previously-filed FLSA collective action currently pending before the Court.

## I.   Background

Plaintiff filed this collective action on June 18, 2013 against defendants, Brothers Behrman Hwy. and Brothers Stumpf & Terry Parkway, alleging that the defendants failed to pay plaintiff and other "similarly situated" employees overtime wages in violation of the FLSA.[1]  More specifically, plaintiff alleges that

---

[1] R. Doc. 1. This case was originally filed before another section of the court but was transferred to this Section on March

defendants violated the FLSA's overtime wage provision "through a ruse of double-booking employee pay-rolls by paying [employees] from multiple entities when in fact they only worked at one physical location."[2]   Plaintiff now moves the Court to conditionally certify a collective action "on behalf of a class of all current and former nonexempt employees employed by Brothers Behrman Hwy., Inc. and Brothers Stumpf & Terry Parkway, LLC after June 18, 2010, who worked overtime hours but were not paid overtime wages during all or part of their employment."[3]

The defendants in this action are two of many "Brothers Food Mart" convenience stores operating in Louisiana.  The individual stores are set up as separate companies, some of which share common ownership, and some of which are individually owned and operated.[4] Imad F. Hamdan owns and operates the Brothers Stumpf & Terry location, and Abdel Raoyf Mousa owns and operates the Brothers Behrman Hwy. location.[5]

Both corporate defendants, as well as their respective owners, are also named defendants in another FLSA action currently pending before the Court, *Mejia, et al. v. Bros. Petroleum, LLC, et al.*,

---

16, 2015 in accordance with Local Rule 3.1.1E.  R. Doc. 28.

[2] R. Doc. 25-1 at 1.

[3] *Id.* at 6.

[4] R. Doc. 26-1 at 1.

[5] R. Docs. 26-1 and 26-2.

2

Civ. A. No. 12-2842.[6]   In *Mejia*, plaintiffs filed suit against approximately forty different Brothers Food Mart locations, including Brothers Stumpf & Terry Parkway and Brothers Behrman Hwy., alleging that all forty Brothers Food Mart locations failed to pay their employees overtime wages in violation of the FLSA.[7] The Second Amended Complaint in *Mejia* also alleges that all defendants, including Brothers Stumpf & Terry Parkway and Brothers Behrman Hwy., allowed their employees to work interchangeably for all Brothers Food Mart locations.[8]   On July 16, 2014, Judge Berrigan granted the *Mejia* plaintiffs' motion to conditionally certify a collective action, defining the collective action to include

> [a]ll current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 9, 2009 through the present.[9]

Judge Berrigan further ordered the *Mejia* defendants to provide plaintiffs' counsel with a list of all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses so that

---

[6] The *Mejia* action was also filed before another section of this Court.  Judge Berrigan transferred the matter to this section of the Court on September 12, 2014.  *See* Civ. A. No. 12-2842, R. Doc. 114.

[7] R. Doc. 113.  The Second Amended Complaint also alleges a violation of the FLSA's minimum wage provisions.  *Id.* at 2.

[8] Civ. A. No. 12-2842, R. Doc. 113 at 7.

[9] Civ. A. No. 12-2842, R. Doc. 79 at 3.

3

plaintiffs' counsel could facilitate notice to all potential members of the collective action.[10]   The defendants in this case contend, and plaintiff does not dispute, that plaintiff was among the potential opt-in plaintiffs who received notice of the *Mejia* action in the fall of 2014.[11]

After both cases were transferred to this section of the court, the Court consolidated the cases to facilitate a more efficient resolution of the related disputes.[12]   Although the Court recently granted a motion to dismiss the *Mejia* plaintiffs' claims against Lenny Motwani, LKM Enterprises, and LKM Convenience, Brothers Behrman Hwy. and Brothers Stumpf & Terry Parkway did not join the motion to dismiss.[13]   Thus, Brothers Behrman Hwy. and Brothers Stumpf & Terry Parkway remain defendants in both FLSA actions pending before the Court.

## II.  Applicable Law

Section 216(b) of the FLSA permits employees to bring suit against an employer for FLSA violations as a collective action on behalf of themselves and "other employees similarly situated."  29 U.S.C. § 216(b).   "Congress' purpose in authorizing § 216(b)

---

[10] *Id.* at 8.

[11] R. Doc. 26 at 7.

[12] R. Doc. 192.

[13] *See* Civ. A. No. 12-2842

4

[collective] actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008) (quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)). Unlike a class action under Rule 23, however, a collective action under Section 216(b) binds only those employees who affirmatively "opt-in" to the suit: "[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  District courts have broad discretion in deciding whether to grant or deny certification and broad authority over notice in order to prevent the misuse of such actions. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 876 (E.D. La. 2008).

## III. Analysis

Defendants argue that the Court should deny plaintiff's motion to conditionally certify a collective action under the "first to file rule."[14]  More specifically, defendants argue that the "collective action proposed by plaintiff substantially overlaps

---

[14] R. Doc. 26 at 6.

with the conditionally-certified collective action in *Mejia*, which precludes a separate collective action in this case."[15]

Under the first to file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the two cases substantially overlap. *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677 (5th Cir. 2011). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Mar. Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). Thus, the first to file rule applies "where related cases are pending before two judges in the same district . . . as well as where related cases have been filed in different districts." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) ("The same concern with avoiding duplicative litigation is present where similar suits have been filed in two courts within the same district.").

To determine whether the issues substantially overlap, the court looks at whether the core issues are the same, or if much of the proof adduced would likely be identical. *Int'l Fidelity*, 665

---

[15] *Id.*

6

F.3d at 678.   If the overlap is less than complete, the court considers "such factors as the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.*  Furthermore, the second-filed court need only determine whether there is a likelihood of substantial overlap; it is up to the first-filed court to determine whether there actually is a substantial overlap that requires consolidation. *West Gulf Mar.*, 751 F.2d at 730.

Here, the Court has already found substantial overlap between the two FLSA actions and consolidated the cases on March 16, 2015.[16] Thus, strictly speaking, the first to file rule is not implicated. *See Save Power Ltd.*, 121 F.3d at 950 (first to file rule applies to related cases pending before different judges).   The Court nevertheless finds that the principles underlying the first to file rule--the avoidance of duplicative litigation and the interests of judicial economy--require the Court to deny plaintiff's motion to certify a second collective action in this case.

As an initial matter, the defendants in this case--Brothers Stumpf & Terry Parkway and Brothers Behrman Hwy.--are made defendants in the *Mejia* matter.   Additionally, both actions seek damages related to defendants' alleged failure to pay their employees overtime wages as required by the FLSA.   In *Mejia*, the

---

[16] R. Doc. 192.

Court has already conditionally certified a collective action class including

> [a]ll current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 9, 2009 through the present.[17]

Here, plaintiff seeks conditional certification of a second collective class, defined to include

> all current and former nonexempt employees employed by Brothers Behrman Hwy., Inc. and Brothers Stumpf & Terry Parkway, LLC after June 18, 2010, who worked overtime hours but were not paid overtime wages during all or part of their employment."[18]

Plaintiff's proposed collective class falls entirely within the scope of the conditionally certified class in *Mejia*.  In other words, any potential opt-in plaintiff to this action would necessarily also be a potential opt-in plaintiff in the *Mejia* action.  Indeed, as mentioned above, defendants represent, and plaintiff does not dispute, that plaintiff was among the class of potential opt-in plaintiffs who received notice of the *Mejia* action in the fall of 2014.[19]  Thus, the only real difference between the cases are the identities of the named plaintiffs and the attorneys prosecuting the actions.  Accordingly, although the FLSA does not preclude plaintiff from maintaining an independent, individual

---

[17] Civ. A. No. 12-2842, R. Doc. 79 at 3.

[18] *Id.* at 6.

[19] R. Doc. 26 at 7.

action, plaintiff is not entitled to conditional certification of a class that is entirely duplicative of the conditionally certified class in *Mejia*. *See Alvarez v. Gold Belt, LLC*, Civ. A. No. 08-4871, 2011 WL 1337457, at *2 (D.N.J. Apr. 7, 2011) ("Because the [previously filed] action has been conditionally certified, plaintiff must choose between opting in to that action, or continuing independently with his own action here. Certification of a separate collective action is not available to plaintiff at this time."); *LaFleur v. Dollar Tree Stores, Inc.*, Civ. A. No. 12-363, 2012 WL 4739534, at *8 (E.D. Va. Oct. 2, 2012) ("To permit FLSA claims to proceed in this case as to [plaintiff-employees] would be duplicative and wasteful and would directly contravene the spirit and intent of the 'first to file' rule, particularly with respect to FLSA collective actions."); *Ortiz v. Panera Bread Co.*, Civ. A. No. 10-1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) ("The first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations."). Indeed, to allow plaintiff to seek conditional certification under these circumstances would not only lead to likely confusion and judicial waste, but would also "frustrate the underlying rationale for using the [collective] action mechanism." *In re Wells Fargo*

9

*Home Mortgage Overtime Pay Litig.*, MDL No. 06-01779, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008).


**IV.  Conclusion**

    For the foregoing reasons, plaintiff's motion to conditionally certify a collective action is DENIED.


    New Orleans, Louisiana, this <u>12th</u> day of June, 2015.

                         _____
                               SARAH S. VANCE
                      UNITED STATES DISTRICT JUDGE