**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DANIA GISSELL CRUZ MEJIA, MARIA ELISA BUESO MEJIA, MARTHA L. MARTINEZ BALLEZA, ESTHER SANCHEZ TORRES, individually and on behalf of all persons similarly situated,

Plaintiffs,

vs.

BROTHERS PETROLEUM, LLC D/B/A BROTHERS FOOD MART, BROTHERS FOOD MART AND IMAD FAIEZ HAMDEN

Defendants.

CIVIL ACTION NO.: **12-2842**

SECTION: **R(3)**

District Judge Sarah S. Vance
Magistrate Judge Daniel E. Knowles, III

**JURY TRIAL DEMANDED**

**THIRD AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiffs Dania Gissell Cruz Mejia, Maria Elisa Bueso Mejia, Martha L. Martinez Balleza, Esther Sanchez Torres, Claudia Wilson and Dora Pimeda, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through undersigned counsel, file this Third Amended Collective Action Complaint against Defendants, Brothers Petroleum, LLC d/b/a Brothers Food Mart, Brothers Food Mart and Imad Faiez Hamden ("Defendants"), and state as follows:

**INTRODUCTION**

1. This is a collective action against Defendants to challenge their policy and practice of failing to pay their non-exempt, hourly employees overtime pay for hours worked in excess of 40 in any given week to which they are entitled by law.

2. Plaintiffs and the members of the collective are current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a/

Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present. Under Defendants' wage compensation system, Defendants do not pay Plaintiffs and the members of the collective time and a half for hours worked in excess of 40 in a week. Rather, Defendants merely pay Plaintiffs and the members of the collective straight time for hours worked in excess of 40 in a week. Furthermore, Defendants unlawfully deduct required business expenses from their pay resulting in wages that are less than the mandated minimum wage. Defendants are liable to Plaintiffs and the members of the collective for this unpaid time under the Fair Labor Standards Act ("FLSA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because they raise a question of federal law pursuant to 28 U.S.C. §1331 and under 29 U.S.C. § 216(b), the FLSA.

4. Venue is proper in this Court because the events giving rise to Plaintiffs' claims occurred within this judicial district and because Defendants reside in and do business in this judicial district and are subject to personal jurisdiction here.

**PARTIES**

5. Plaintiffs Dania Gissell Cruz Mejia, Maria Elisa Bueso Mejia, Martha L. Martinez Balleza, Esther Sanchez Torres, Claudia Wilson and Dora Pimeda have been employed as non-exempt, hourly employees at Brothers Petroleum, LLC d/b/a/ Brothers Food Mart or Brothers Food Mart in the State of Louisiana at some point since November 28, 2009.

6. The following entities and/or individuals are made Defendants herein:

(a) Brothers Petroleum, LLC d/b/a/ Brothers Food Mart;

(b) Brothers Food Mart

(c) Newton Brothers, Inc.

(d) Brothers Newton, LLC

(e) Brothers Belle Chasse, LLC

(f) Lapalco Brothers No. 125, LLC

(g) Brothers Lapalco, LLC

(h) Veterans Brothers No. 126, LLC

(i) Brothers Veterans, LLC

(j) Bullard Brothers No. 127, LLC

(k) Bullard Brothers, LLC

(l) Avondale Brothers, No. 128

(m) Brothers Avondale, LLC

(n) Brothers Carol Sue, LLC

(o) Brothers Stumpf & Terry Pkwy, LLC

(p) Crowder Brothers, LLC

(q) Gause Operations, LLC

(r) Brothers St. Rose, LLC

(s) Exxon General Degaulle, LLC

(t) Brothers Carondelet, LLC

(u) 4940 Groom Road., LLC

(v) 4662 GDD, LLC

(w) 3600 GDD, LLC

(x) 2601 Gen. Degaulle, LLC

(y) 4915 Westbank Expwy, LLC

(z) 5310 Flannery Road, LLC

(aa) 9410 Greenwell Springs, LLC

(bb) 4520 Jefferson Highway, LLC

(cc) 4115 Airline Hgwy, LLC

(dd) Jamie Boulevard, LLC

(ee) 13289 Old Ham Highway, LLC

(ff) 2701 Canal St., LLC

(gg) 798 Jean Lafitte, LLC

(hh) 308 Jefferson Davis, LLC

(ii) 3049 Loyola Drive, LLC

(jj) Brothers I-10 Service Road, Inc.

(kk) St. Bernard Brothers No. 129, LLC

(ll) Imad Faiez Hamden

(mm) LKM Convenience, LLC

(nn) LKM Enterprises, LLC

(oo) Lenny Motwani

(pp) Brothers Stonebridge, Inc.

(qq) Brothers Terry Parkway, Inc.

(rr) Brothers Behrman Hwy., Inc.

(ss) Abdel Raoyf Mousa

(tt) Brothers Expressway, Inc.

(uu) Ziad Mousa

7. Defendants (a) through (kk) were in the business of operating convenience stores and selling chicken. Upon information and belief, "Brothers Food Mart" is the name under which these Defendants jointly operate multiple convenience stores known to the public as "Brothers Food Mart." At all times material hereto, these Defendants were and continue to be entities doing business in Jefferson Parish, Louisiana. At all relevant times hereto, these Defendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States.

8. At all times material hereto, Defendant Imad Faiez Hamden was the owner and/or operator of the Brothers Food Mart locations that were owned by Defendants (a) through (kk) at issue herein. Plaintiffs are informed and believe and thereon allege that Defendant Imad Faiez Hamden jointly employed Plaintiffs and the members of the collective with the other Defendants as he was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.

9. To the extent that the individual Brothers Food Marts owned by Defendants (a) through (kk) are not incorporated or are under-funded or otherwise not validly incorporated according to the laws of this State, Defendant Imad Faiez Hamden is personally liable to Plaintiffs.

10. Defendants (mm) and (nn) were in the business of operating convenience stores and selling chicken. Upon information and belief, "Brothers Food Mart" is also the name under which these Defendants jointly operate multiple convenience stores known to the public as "Brothers Food Mart." At all times material hereto, these Defendants were and continue to be entities doing business in Jefferson and/or Orleans

Parish, Louisiana. At all relevant times hereto, these Defendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States.

11. At all times material hereto, Defendant Lenny Motwani was the owner and/or operator of the Brothers Food Mart locations that were owned by Defendants (mm) and (nn) at issue herein. Plaintiffs are informed and believe and thereon allege that Defendant Lenny Motwani jointly employed Plaintiffs and the members of the collective with the other Defendants as he was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.

12. Defendants (pp) through (rr) were in the business of operating convenience stores and selling chicken. Upon information and belief, "Brothers Food Mart" is also the name under which these Defendants jointly operate multiple convenience stores known to the public as "Brothers Food Mart." At all times material hereto, these Defendants were and continue to be entities doing business in Jefferson Parish, Louisiana. At all relevant times hereto, these Defendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States.

13. At all times material hereto, Defendant Abdel Raoyf Mousa was the owner and/or operator of the Brothers Food Mart locations that were owned by Defendants (pp) through (rr) at issue herein. Plaintiffs are informed and believe and thereon allege that Defendant Abdel Raoyf Mousa jointly employed Plaintiffs and the members of the collective with the other Defendants as he was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.

14. Defendant (tt) was in the business of operating convenience stores and selling chicken. Upon information and belief, "Brothers Food Mart" is also the name under which this Defendant jointly operates multiple convenience stores known to the public as "Brothers Food Mart." At all times material hereto, this Defendant was and continues to be entities doing business in Jefferson Parish, Louisiana. At all relevant times hereto, this Defendant was and continues to be engaged in interstate commerce and in the production of goods for commerce throughout the United States.

15. At all times material hereto, Defendant Ziad Mousa was the owner and/or operator of the Brothers Food Mart locations that were owned by Defendant (tt) at issue herein. Plaintiffs are informed and believe and thereon allege that Defendant Ziad Mousa jointly employed Plaintiffs and the members of the collective with the other Defendants as she was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.

16. All named Defendants will hereafter be referred to collectively as "Defendants."

17. At all times material hereto, Defendants worked in concert to operate and run a business that served a single common goal, and Defendants are therefore joint employers of Plaintiffs.

18. At all times material hereto, some or all of the the named Plaintiffs and/or members of the collective class worked interchangeably for all Defendants.

19. At all times material hereto, the Defendants utilized the same method for paying the named Plaintiffs and members of the collective class.

20. On information and belief, at all times material hereto, Defendants have employed and/or jointly employed Plaintiffs and the members of the collective within the meaning of the FLSA.

21. Each Defendant is jointly and severally liable for the unlawful acts alleged herein.

**PLAINTIFFS ARE SUBJECT TO THE PROVISIONS OF THE FLSA**

22. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

23. At all times material hereto, Defendants were the Plaintiffs' "joint employers" within the meaning of FLSA.

24. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

25. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

26. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

27. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

28. Specifically, Defendants operate a network of convenience stores located throughout the state of Louisiana, many or all of which are located in close proximity to major highways and interstates that are frequently used by persons traveling interstate.

29. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods, considering the number of locations Defendants operate (in excess of 50 total) and the volume of business done by each store.

30. Specifically, some or all of those stores prepare food products for sale from ingredients generated from out of state sources, sell tobacco that originated out of state, sell alcohol that originated from breweries, wineries and distilleries located out of state, sell tickets for multi-state lotteries, and sell other goods and products that originated out of state, including, but not limited to, gasoline from companies operating out of state, that was procured out of state and that may be used out of state.

31. Plaintiffs, as cashiers, cooks, and store operators, handled all of these goods and products daily and additionally ran credit cards issued by international banking institutions and which were processed across interstate lines to facilitate purchases of the goods sold by Defendants.

32. Thus, Plaintiffs are subject to the provisions of the FLSA under both "individual coverage" and "enterprise coverage."

**STATEMENT OF FACTS**

33. Defendants are in the business of operating convenience stores and selling chicken in the greater New Orleans area.

34. Employment with Defendants was less than ideal. The work environment was permeated by hostility, and was a place where Defendants showed a fundamental lack of respect for their employees and an indifference to workplace safety and their working environment. Not surprisingly, Defendants also flouted their obligations under

the FLSA by refusing to pay the employees proper wages, including minimum wages and overtime.

35. Plaintiff Dania Gissell Cruz Mejia was employed by Defendants as a cashier, cook and store operator from July 2007 through July 2012. During her employment, she worked at Defendants' 2698 Barataria Boulevard, Marrero, Louisiana Store, their 801 Berman Highway, Gretna, Louisiana Store, their 9000 Westbank Expressway, Westwego, Louisiana Store, their 2901 Highway 90, Avondale, Louisiana Store, and their 3659 Lapalco Boulevard, Harvey, Louisiana Store.

36. Plaintiff Maria Elisa Bueso Mejia was employed by Defendants as a cashier, cook and store operator from June 2006 through August 2012. During her employment, she worked at Defendants' 1700 Barataria Boulevard Store, their 9000 Westbank Expressway, Westwego Store, their 801 Behrman Highway Store in Behrman, Louisiana, their 1600 Manhattan Boulevard Store in Harvey, Louisiana and their 2901 Highway 90 Store in Avondale, Louisiana.

37. Plaintiff Martha L. Martinez Balleza was employed by Defendants as a cashier, cook and store operator from August 2004 through August 2012. During her employment, she worked at Defendants' 2968 Barataria Boulevard Store in Marrero, Louisiana.

38. Plaintiff Esther Sanchez Torres was employed by Defendants as a cashier, cook and store operator from February 2010 through July 2011. During her employment, she worked at Defendants' 2901 Highway 90 Store in Avondale, Louisiana. Defendants rehired her in February 2012, and she worked as a cook at Defendants' 3659 Lapalco Boulevard Store in Harvey, Louisiana until July 2012.

39. During the relevant time period, Plaintiff Claudia Wilson was employed by Defendants as a cashier, cook and store operator and worked at Defendants' Louisiana stores.

40. During the relevant time period, Plaintiff Dora Pimeda was employed by Defendants as a cashier, cook and store operator and worked at Defendants' Louisiana stores.

41. During Plaintiffs' tenure with Defendants, Defendants exercised complete control over the time, place and manner of Plaintiffs' work. Plaintiffs had no ability to control their schedules, the place or time they would work or who they would be working with during the time they spent working for Defendants.

42. During the time they worked for Defendants, Plaintiffs worked approximately 70-80 hours per week for Defendants.

43. In July 2012, Defendants reduced Plaintiffs' hours to approximately 50 hours per week.

44. Although Plaintiffs regularly worked in excess of 40 hours per week for Defendants, they were not paid time and one-half for hours worked in excess of 40 per week, in direct violation of the FLSA.

45. Furthermore, Defendants failed to maintain proper time records as mandated by the FLSA.

46. Defendants also required employees to use their personal vehicles for company business, including transporting supplies and products amongst the stores and traveling to and from Defendants' main office. At times, employees were not compensated for their travel time. Additionally, Defendants failed to reimburse the

employees for mileage and other expenses they incurred as a result of their employment with Defendants.

47. Defendants also required the employees to wear company nametags and uniform shirts while performing their job duties. Defendants unlawfully deducted the costs for these work items from their pay. Plaintiffs are informed that in so doing, the employees' wages, at times, slipped below the mandated minimum wage and/or cut into their overtime compensation in violation of the FLSA.

48. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**ALLEGATIONS FOR COLLECTIVE ACTION**

49. Plaintiffs bring this case as a collective action pursuant to the FLSA, 29 U.S.C. §216(b). The collective that Plaintiffs seek to represent is defined as follows:

> All current and former non-exempt, hourly employees who have been employed by Brothers Petroleum, LLC d/b/a/ Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present.

50. Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for all claims asserted by Plaintiffs for the members of the collective, because the claims of Plaintiffs are similar to the claims of the members of the collective.

51. Members of the collective are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without compensation.

52. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

53. Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

54. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, minimum wage violations, improper deductions, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages and Minimum Wage in Violation of the FLSA, 29 U.S.C. §206, 207**

55. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

56. As described above, Defendants violated 29 U.S.C. § 206 by deducting the cost and maintenance of required uniform shirts and nametags from Plaintiffs' and members of the collective's wages so as to cause their wages to at times fall below the federally mandated minimum wage rate.

57. In addition, or in the alternative, Defendants violated 29 U.S.C. § 207 by failing to compensate Plaintiffs for all hours worked, and by knowingly failing to

compensate Plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

58. Furthermore, Defendants failed to maintain proper time records as mandated by the FLSA, thereby violating the record-keeping requirements of the FLSA.

59. Defendants were willful in their violation of the FLSA. Defendants knew or should have known that their conduct was unlawful and/or showed reckless disregard for the lawfulness of their actions. As a result, Defendants are liable under 29 U.S.C. §216(b) to Plaintiffs and the members of the collective for liquidated damages in an amount equal to the wages Defendants failed to pay as a result of the foregoing violation.

60. Plaintiffs and the members of the collective are thus entitled to all of the minimum and overtime wages they are owed and liquidated damages, as well as costs and attorneys' fees they have expended in successfully bringing this action to recover their unpaid wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(a) That this Court permit this action to proceed as a "collective action" under 29 U.S.C. §216(b);

(b) That Defendants be ordered to pay all unpaid wages, including minimum wages and overtime, to Plaintiffs and the members of the collective;

(c) That Defendants be enjoined from continuing the unlawful policies described herein;

(d) That this Court order Defendants to pay liquidated damages to Plaintiffs and the members of the collective;

(e) That this Court award Plaintiffs and the members of the collective all statutory penalties, interest, and attorneys' fees and costs to which they are entitled.

(f) That this Court award to Plaintiffs and the members of the collective all other relief to which they are entitled.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury as to all claims so triable.

Respectfully Submitted,

*<u>/s/ Mary Bubbett Jackson</u>*
Jody Forester Jackson, #28938
Mary Bubbett Jackson, #29110
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
mjackson@jackson-law.net

-AND-

David M. Abdullah, #27349
Daniel J. Carr, #31088
Joseph C. Peiffer, #26459
Peiffer Rosca Abdullah & Carr, LLC
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana 70170
Telephone: (504) 523-2434
Fax: (504) 523-2464
jpeiffer@praclawfirm.com
dabdullah@praclawfirm.com
dcarr@praclawfirm.com

-AND-

Carolyn H. Cottrell
Schneider Wallace Cottrell
Konecky Wotkyns LLP

2000 Powell Street, Suite 1400
Emeryville, California 94608
ccottrell@schneiderwallace.com

Ryan R.C. Hicks
Peter B. Schneider
Schneider Wallace Cottrell Konecky Wotkyns LLP
3700 Buffalo Speedway
Houston, TX 77098
Phone: (713) 338-2560
rhicks@schneiderwallace.com

pschneider@schneiderwallace.com

*Attorneys for Plaintiffs*

**SERVICE:**

**Plaintiffs will request that all Defendants waive service through their counsel of record.**