UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIA GISELLE CRUZ MEJIA, ET AL. | CIVIL ACTION |
| VERSUS | NO:  12-2842<br>C/W 13-4831 |
| BROTHERS PETROLEUM, LLC, ET AL. | SECTION: R(4) |

## ORDER AND REASONS

Before the Court is the parties' joint motion to continue trial and pre-trial deadlines. For the following reasons, the Court grants the motion and orders that the ongoing partial stay in this case be converted to a complete stay of the proceedings for a period of six months.

## I.    BACKGROUND

This is a "collective action" seeking damages for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standard Act ("FLSA").  29 U.S.C. §§ 206 and 207.  Defendants employed plaintiffs at Brothers Food Mart convenience stores throughout Louisiana and allegedly failed to compensate plaintiffs adequately during the period from November 28, 2009 to the present.

On July 16, 2014, Judge Berrigan conditionally certified this lawsuit as a collective action, defining the collective action class to include:

> [a]ll current and former non-exempt, hourly employees who have been
> employed by Brother Petroleum, LLC d/b/a Brothers Food Mart or Brothers
> Food Mart in the State of Louisiana during the time period of November 9,
> 2009 through the present.[1]

Judge Berrigan ordered defendants to produce a list of "all potential opt-in plaintiffs'

names, last know mailing addresses, and email addresses."[2]  Defendants produced a partial

list but omitted the names and contact information of undocumented workers employed

by defendants.  Defendants then moved the Court to stay the civil proceeding due to the

United States Attorney's Office's criminal investigation of defendant Imad Hamdan's

alleged hiring of undocumented workers.[3]  Defendants argued that allowing discovery

concerning undocumented employees would force Mr. Hamdan to chose between his right

against self-incrimination and defending against the allegations raised in this civil

proceeding.

On September 3, 2014, Judge Berrigan denied defendants' motion to stay the

proceeding in its entirety but issued a limited stay.  Specifically, the Court found that a

temporary and limited stay of the outstanding discovery was appropriate until "the

parameters of any criminal investigation [are] determined."[4]  Accordingly, the Court

ordered that "[n]o discovery as to underlined undocumented workers may proceed for a period of two

(2) months from the date of this order, at which time the Court will consider appropriate

---

[1] R. Doc. 79 at 3.

[2] *Id.* at 8.

[3] R. Doc. 88.

[4] R. Doc. 107 at 5.

2

motions including a motion to reopen and/or another motion to stay, if appropriate."[5] On September 12, 2014, Judge Berrigan recused herself and this matter was transferred to this section of the court.[6]

On November 5, 2014, plaintiffs moved the Court to lift the limited stay, arguing that there had been no significant developments in the criminal investigation.[7]  Defendants opposed the motion and attached copies of October 14, 2014 Grand Jury subpoenas served on defendants in support of their contention that the criminal investigation remained active.[8]  On December 11, 2014, the Court denied plaintiffs' request to lift the limited stay, concluding that defendant Hamdan's Fifth Amendment rights would be jeopardized if the Court lifted the limited stay.[9]  In so holding, the Court considered: (1) the extent of the overlap between the criminal case and the civil case; (2) the status of the criminal case; (3) the interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest.  The Court found that these factors weighed defendants' favor and the Court extended the limited stay for an additional three months.[10]

---

[5] *Id.* at 6 (emphasis in original).

[6] R. Doc. 114.

[7] R. Doc. 128.

[8] R. Doc. 135.

[9] R. Doc. 161,

[10] *Id.* at 10-11.

Three months later, defendants moved the Court for a further extension of the limited stay.[11]  Defendants argued that an extension was warranted because the criminal investigation into defendant Hamdan's hiring practices remained active.  In support of this position, defendants produced copies of March 4, 2015 immigration enforcement subpoenas served on three Brothers Food Mart locations owned and operated by defendant Hamdan.[12]  Defendants also provided copies of email correspondence in which the U.S. Attorney's Office requested interviews with "some of the Brothers' employees."[13]  Plaintiffs opposed the extension of the stay, arguing that "no meaningful progress has been made in the alleged criminal investigation."[14]  On June 12, 2015, the Court granted defendants' motion to continue the limited stay.[15]  The Court concluded that because defendants' exhibits indicated that the criminal investigation remained active, an extension of the partial stay was necessary for the reasons stated in the Court's December 11, 2012 ruling. Accordingly, the Court extended the partial stay for three additional months.

On August 6, 2015, all parties to this case filed a joint motion to continue pre-trial deadlines and trial, which is currently scheduled for November 2, 2015.  The parties argued that a stay was necessary because the ongoing, temporary stay of discovery had prevented undocumented workers in the conditionally certified class from receiving notice of this lawsuit.  Additionally, the parties argued that they needed more time to conduct discovery

---

[11] R. Doc. 191.

[12] R. Doc. 191-2 at 1.

[13] R. Doc. 191-3 at 2.

[14] R. Doc. 194 at 1.

[15] R. Doc. 203.

related to a group of defendants who were added to this lawsuit by plaintiff's Third Amended Complaint on June 30, 2015.  In order to facilitate resolution of the parties' joint motion to continue pre-trial deadlines and trial, the Court scheduled a status conference and asked the parties to submit letters addressing: (1) the status of the criminal investigation into defendant Hamdan's hiring practices and whether a further continuation of the partial stay or, in the alternative, a complete stay of civil proceedings is in order; (2) whether a motion to decertify the conditionally certified class is contemplated.

During the September 6, 2015 status conference two things became apparent.  First, the criminal investigation at issue remains very active.  Although Hamdan's counsel in this case is not involved in the criminal matter, counsel provided the Court with a letter from Hamdan's criminal defense attorney, which describes the grand jury investigating involving Hamdan as active and ongoing.  In addition, Hamdan's counsel stated that the Government recently requested an interview with an individual who is a bookkeeper at several of Hamdan's stores.  Second, several parties and witnesses in this case have indicated that they will assert their Fifth Amendment privilege in these proceedings and will not participate in discovery or testify at trial until the criminal investigation is resolved.

## II.    DISCUSSION

### A.    Complete Stay of this Lawsuit

A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).  This authority includes the district court's wide discretion to stay a pending matter to control the course

of litigation. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). When a defendant in a civil case is facing criminal charges, a district court may, when the interests of justice so require, stay the civil action. *United States v. Kordel*, 397 U.S. 1, 12 (1970). In ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

When determining whether a stay is warranted, courts consider: (1) the extent of overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases in the Fifth Circuit applying this test). Although district courts have wide discretion to determine whether a stay is warranted, "[e]ven discretionary stays . . . will be reversed when they are immoderate or of an indefinite duration." *In re Ramu Corp.*, 903 F.2d at 318 (internal citations omitted).

As mentioned above, the Court weighed the six *Alcala* factors when it denied plaintiffs' motion to lift the limited state on December 11 2014. The Court again referenced those factors and its prior reasoning in granting defendants' motion to continue the limited stay on June 12, 2015. The issue is now before the Court once more, and defendants have again provided this Court with information indicating that the criminal investigation

involving defendant Hamdan remains active.  Specifically, Hamdan's counsel in this case states that authorities have arranged to interview a bookkeeper for several of Hamdan's stores.  Counsel has also produced a letter from Hamdan's criminal defense attorney, which states that the grand jury investigation of Hamdan is active and ongoing.  Additionally, plaintiffs again raise no arguments against the stay that the Court did not consider in its December 11, 2014 order denying plaintiff's motion to lift the limited stay.   Accordingly, for the reasons set forth in the Court's prior rulings, the Court finds that a stay remains necessary to avoid jeopardizing defendant Hamdan's Fifth Amendment rights.

The Court concludes, however, that given the current posture of proceedings, it is no longer feasible to impose a partial stay of discovery.  As mentioned above, multiple parties and witnesses in this case have indicated that they will not participate in discovery or testify at trial while the criminal investigation is ongoing.  Among the likely non-participants are defendant Hamdan--the alleged owner of 37 of the 43 entities named as defendants in plaintiff's Third Amended Collective Action Complaint--and many of the managers of Hamdan's convenience store locations.  These individuals are central to this litigation.  Without their participation, this litigation cannot go forward on central issues, such as whether defendants are "joint employers"[16] of store employees and whether

---

[16] The FLSA's minimum wage and overtime pay requirements apply only to"employers."  29 U.S.C. §§ 206 and 207.  The FLSA defines "employers" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  In the Fifth Circuit, courts use the economic reality test to determine a party's status as an employer.  *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir.2012).  Thus, courts evaluate "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Id. at 355 (citation and internal quotation marks omitted).  Under the FLSA, a single employee can have multiple employers, even within

plaintiffs are subject to a "common policy, plan, pattern, or practice," as required for final collective action certification. *See Falcon v. Starbucks*, 580 F.Supp.2d 528, at 535 (S.D. Tex. 2008). Thus, it is apparent that further discovery conducted under a limited stay would not allow the case to become trial-ready. Piecemeal discovery would also be inefficient and potentially duplicative, undermining the Court's interest in judicial economy. This finding weighs in favor of completely staying proceedings. *See Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech.*, Inc., 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995) (finding that efficiency required a complete stay as to all corporate defendants when criminal case involving central figures in the corporation precluded their participation in discovery on key issues).

The Court also concludes that proceeding towards trial under a partial stay would prejudice defendant Hamdan. As long as he is the subject of an active criminal investigation, Hamdan cannot participate in discovery or testify at trial without risking waiver of his rights under the Fifth Amendment. This prejudice to defendant Hamdan suggests that a complete stay of proceedings is warranted pending resolution of the criminal investigation. *Doe v. Morris*, No. CIV.A. 11-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012) (staying proceedings pending resolution of criminal trial where defendant would otherwise be forced to choose between his civil discovery obligations and his Fifth Amendment privilege against self-incrimination). Accordingly, the Court finds that the interests of justice require a complete stay of proceedings for a period of six months.

---

a single business institution. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir.2012). Nonetheless, in a joint employer context, each employer must meet the economic reality test. *Gray*, 673 F.3d at 355.

8

###### B.    Continuance of Pre-Trial Deadlines and Trial

A scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). The "good cause" standard requires the party seeking relief to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

As discussed above, the Court finds that this lawsuit cannot realistically go forward at this time. Until there is more clarity on the criminal investigation involving defendant Hamdan, it is not feasible to conclude discovery or proceed toward a trial date. Therefore, the Court concludes that there is good cause to the continue trial and pre-trial dates until such time as the complete stay in this case is lifted. The Court grants the parties' joint motion to continue trial and pre-trial deadlines.

### III.    CONCLUSION

For the foregoing reasons, the parties' joint motion to continue trial and pre-trial deadlines is GRANTED. It is FURTHER ORDERED that a trial date will be set when the stay in this matter is lifted.

It is ORDERED that the limited stay imposed in the Court's December 11, 2014 is hereby converted into a complete stay of the proceedings. It is FURTHER ORDERED that the complete stay will remain in effect for a period of six (6) months from the date of this order, unless a material change in the criminal investigation or other circumstances indicate that the stay should be modified or lifted. All parties are ORDERED to notify the Court immediately if they become aware of any significant developments that warrant reconsideration of the complete stay.

Finally, it is ORDERED that a status conference will be held March 17, 2016 at 2:30 p.m. in the Chambers of United States District Judge Sarah S. Vance, 500 Poydras Street, Room C255, New Orleans, Louisiana. The parties shall be prepared to discuss with the Court the status of the criminal investigation and the propriety of continuing the complete stay.

New Orleans, Louisiana, this  9th  day of September, 2015.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE