UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIA GISELLE CRUZ MEJIA, ET AL.                    CIVIL ACTION

VERSUS                                              NO. 12-2842

BROTHERS PETROLEUM, LLC, ET AL.                    SECTION "R" (4)

## ORDER AND REASONS

Before the Court is defendants Brothers Petroleum, LLC, and Imad F. Hamdan's motion to extend the stay of this proceeding.[1]  Because the criminal investigation of Hamdan is still active and ongoing, the Court grants defendants' motion.

## I.    BACKGROUND

This is a "collective action" seeking damages for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standard Act ("FLSA").  29 U.S.C. §§ 206 and 207.  Defendants employed plaintiffs at Brothers Food Mart convenience stores throughout Louisiana and allegedly failed to compensate plaintiffs adequately during the period from November 28, 2009 to the present.

---

[1]    R. Doc. 242.

On July 16, 2014, Judge Helen Berrigan conditionally certified this lawsuit as a collective action, defining the collective action class to include:

> [a]ll current and former non-exempt, hourly employees who have been employed by Brotherw Petroleum, LLC d/b/a Brothers Food Mart or Brothers Food Mart in the State of Louisiana during the time period of November 28, 2009 through the present.[2]

Judge Berrigan ordered defendants to produce a list of "all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses."[3] Defendants produced a partial list but omitted the names and contact information of undocumented workers employed by defendants. Defendants then moved the Court to stay the civil proceeding due to the United States Attorney's Office's criminal investigation of defendant Imad Hamdan's alleged hiring of undocumented workers.[4] Defendants argued that allowing discovery concerning undocumented employees would force Mr. Hamdan to choose between his right against self-incrimination and defending against the allegations raised in this civil proceeding.

On September 3, 2014, Judge Berrigan denied defendants' motion to stay the proceeding in its entirety but issued a limited stay. Specifically, the Court found that a temporary and limited stay of the outstanding discovery

---

[2] R. Doc. 79 at 3.
[3] *Id.* at 8.
[4] R. Doc. 88.

2

was appropriate until "the parameters of any criminal investigation [are] determined."[5]   Accordingly, the Court ordered that "[n]o discovery as to <u>undocumented</u> workers may proceed for a period of two (2) months from the date of this order, at which time the Court will consider appropriate motions including a motion to reopen and/or another motion to stay, if appropriate."[6] On September 12, 2014, Judge Berrigan recused herself and this matter was transferred to this section of the court.[7]

On November 5, 2014, plaintiffs moved the Court to lift the limited stay, arguing that there had been no significant developments in the criminal investigation.[8]   Defendants opposed the motion and attached copies of October 14, 2014 Grand Jury subpoenas served on defendants in support of their contention that the criminal investigation remained active.[9]   On December 11, 2014, the Court denied plaintiffs' request to lift the limited stay, concluding that defendant Hamdan's Fifth Amendment rights would be jeopardized if the Court lifted the limited stay.[10]   In so holding, the Court considered: (1) the extent of the overlap between the criminal case and the

---

[5]   R. Doc. 107 at 5.

[6]   *Id.* at 6 (emphasis in original).

[7]   R. Doc. 114.

[8]   R. Doc. 128.

[9]   R. Doc. 135.

[10]   R. Doc. 161.

3

civil case; (2) the status of the criminal case; (3) the interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest.  The Court found that these factors weighed in defendants' favor and the Court extended the limited stay for an additional three months.[11]

Three months later, defendants moved the Court for a further extension of the limited stay.[12]  Defendants argued that an extension was warranted because the criminal investigation into defendant Hamdan's hiring practices remained active.  In support of their position, defendants produced copies of March 4, 2015 immigration enforcement subpoenas served on three Brothers Food Mart locations owned and operated by defendant Hamdan.[13]   Defendants also provided copies of email correspondence in which the U.S. Attorney's Office requested interviews with "some of the Brothers' employees."[14]  Plaintiffs opposed the extension of the stay, arguing that "no meaningful progress has been made in the alleged criminal investigation."[15]   On June 12, 2015, the Court granted

---

[11]     *Id.* at 10-11.
[12]     R. Doc. 191.
[13]     R. Doc. 191-2 at 1.
[14]     R. Doc. 191-3 at 2.
[15]     R. Doc. 194 at 1.

defendants' motion to continue the limited stay.[16]  The Court concluded that because defendants' exhibits indicated that the criminal investigation remained active, an extension of the partial stay was necessary for the reasons stated in the Court's December 11, 2012 ruling.  Accordingly, the Court extended the partial stay for three additional months.

On September 9, 2015, the Court again found that the factors weighed in defendants' favor and extended the stay for six months.  This time, however, the Court found that a partial stay was no longer feasible, and instead ordered a complete stay.[17]  The Court also continued the trial and pre-trial deadlines, and ordered a status conference for March 17, 2016.[18]

After the March 17, 2016 status conference, the Court denied plaintiff's motion to lift the complete stay and extended the complete stay for a period of six months.[19]  The Court also denied plaintiffs' motion for equitable tolling as moot, and urged the parties to "enter a tolling stipulation consistent with the parties' representations during the status conference."[20]

---

[16]  R. Doc. 203.
[17]  R. Doc. 211 at 8.
[18]  *Id.* at 9-10.
[19]  R. Doc. 233.
[20]  *Id.* at 3.

Defendants now move the Court to extend the complete stay for another six months. Plaintiffs oppose an extension of the stay and argue that "the stay must be lifted immediately."[21]

## II.   DISCUSSION

Defendants and plaintiffs both make arguments that the Court has already addressed in its previous orders. Defendants again represent to the Court that the criminal investigation into Hamdan is active and ongoing, and therefore the reasons that the Court relied on previously in staying this case warrant an extension of the stay. In support, they submit the February 3, 2017 and March 9, 2017 declarations of Edward J. Castaing, Jr., Hamdan's criminal defense attorney.[22] Castaing declares that "the grand jury investigation of Mr. Hamdan and the employment practices at the Brothers Food Mart convenience stores has not concluded and remains active."[23] Further, Castaing declares that the government has issued subpoenas to witnesses to testify before the grand jury and that the government has reached out to current and former employees of the stores for interviews.[24]

---

[21]   R. Doc. 243.
[22]   R. Doc. 242-3; R. Doc. 247-2.
[23]   *Id.* at 1 ¶ 3.
[24]   R. Doc. 242-3 at 1 ¶ 3.

In response, plaintiffs make the same argument that they made before the Court extended the stay in September 2015—that defendants have not submitted evidence that Hamdan faces imminent indictment, or that the investigation even remains active.[25]  As a threshold matter, there is no "imminence" requirement for a stay or an extension of an ongoing stay, and plaintiffs point to no case or authority suggesting that an indictment must be imminent in order to justify staying a parallel civil case.  *See S.E.C. v. Offill*, No. 07-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) ("Thus although criminal charges have not yet been filed against the two criminal targets, this fact does not militate against granting a stay of discovery."); *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *2, 6 (E.D. La. Feb. 15, 2012).[26]  As long as there is an ongoing criminal investigation, lifting the stay would force Hamdan to choose between his Fifth Amendment privilege against self-incrimination and his civil discovery obligations.  *See Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012).

---

[25]    R. Doc. 243 at 2.

[26]    The *Waste Management* court did find that "it is difficult to imagine that the indictments of [defendants] are not imminent," but did not find that imminence was a requirement.  2012 WL 520660, at *4.

Second, contrary to plaintiffs' assertion, defendants do have evidence that the investigation is active and ongoing.  Plaintiffs suggest that Mr. Castaing's declaration that the investigation is ongoing and active, sworn under penalties of perjury, is somehow unworthy of credence.[27]  But the Court has no basis to reject Castaing's declaration, and in the absence of any evidence to the contrary, the Court will not assume Mr. Castaing has committed perjury.  Therefore, the Court finds that the investigation of Hamdan is ongoing and active.

Additionally, the Court will not allow plaintiffs to depose Mr. Castaing. Plaintiffs' request is an extraordinary one and should be only granted in limited circumstances.[28]  *See, e.g.*, *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) ("Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead the practice should be employed only in limited circumstances."); *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 8 (D.D.C. 2009) ("Thus, when seeking to depose opposing counsel, the cards are stacked against the requesting party from the outset and they must prove the deposition's

---

[27]     R. Doc. 243 at 5.

[28]     Plaintiffs acknowledge that their request is "unusual."  R. Doc. 243 at 6.

8

necessity.") (citation omitted).[29]   In order to satisfy this difficult burden, plaintiffs must show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  *Delor v. Intercosmos Media Group, Inc.*, No. 04-3262, 2005 WL 1588300, at *1 (E.D. La. June 27, 2005) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).  Plaintiffs attempt to meet this burden by arguing that Mr. Castaing "is the best (and likely only) witness who can provide information regarding the nature of the investigation."[30]   But Mr. Castaing certainly is not the only witness who has knowledge regarding the nature of the investigation, and it is highly unlikely that Mr. Castaing has any relevant information that is not privileged or confidential.  Mr. Castaing does not control the actions of the U.S. Attorney's office, and the Court will not allow plaintiffs to go on a fishing expedition for information that Mr. Castaing either does not have or cannot disclose.[31]   Plaintiffs' request to depose Mr. Castaing is denied.

---

[29]     Though Mr. Castaing is not opposing counsel *in this matter*, the concerns animating the caselaw on deposing opposing counsel are applicable here as well.  *See Nautimill S.A. v. Legacy Marine Transportation, LLC*, No. 15-1065, 2016 WL 3877977, at *1-2 (E.D. La. July 18, 2016).

[30]     R. Doc. 243 at 6.

[31]     R. Doc. 247-2 at 1 ¶¶ 3, 4.

As stated above, the Court finds that the criminal investigation into defendant Hamdan is still active and ongoing. Accordingly, for the reasons set forth in the Court's previous rulings, the Court finds that a stay remains necessary to avoid jeopardizing defendant Hamdan's Fifth Amendment rights.[32]

## III.   CONCLUSION

For the foregoing reasons, defendants' motion to extend the stay is GRANTED. IT IS ORDERED that the complete stay will remain in effect for a period of six months from the date of this order, unless a material change in the criminal investigation or other circumstances indicate that the stay should be modified or lifted. All parties are ORDERED to notify the Court if they become aware of any significant development that warrants reconsideration of the complete stay.[33]

New Orleans, Louisiana, this __16th__ day of March, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[32]    Plaintiffs' opposition to defendants' motion asks the Court to toll the statute of limitations for all potential opt-in plaintiffs who have not been previously identified. R. Doc. 243 at 6-11. This request is not properly before the Court and the Court need not address it. The Court again urges the parties to enter a tolling stipulation consistent with the parties' representations during the March 17, 2016 status conference.

10